GUIDRY, Judge.
Plaintiff-appellant, Ashton Landry, filed this action seeking a declaratory judgment interpreting the partnership agreement between himself and the late Lucius Hornsby, Jr. Hornsby’s widow, Jo Ann Carter Hornsby, individually, and the Succession of Lucius Hornsby, Jr. are named as defendants. Following rendition of the trial court’s judgment, plaintiff appealed.
On appeal plaintiff urges that the trial court erred in its interpretation of paragraph XVI of the partnership agreement and in ordering liquidation of the partnership pursuant to the provisions of La.C.C. art. 2832 et seq.
Plaintiff and the late Lucius Hornsby, Jr. entered into an agreement forming a law partnership in 1978. Their partnership continued until Hornsby’s death in January of 1987.
The controversy in this case concerns the proper meaning to be attributed to paragraph XYI of the partnership agreement which purports to provide for liquidation of the partnership on the death of one of the partners. Paragraph XVI reads as follows:
“In case of death on [sic] any partner the surviving partner shall immediately liquidate the partnership on the next business day after the death of the deceased partner. At that time all gross profits existing in the partnership account shall be divided and the heirs of the surviving partner shall only be entitled to the profits that exist on that day.”
Based upon his understanding of the meaning of the quoted paragraph, plaintiff issued two checks to Mrs. Hornsby which represented one-half of the bank balance, less one-half of the expenses, in the firm’s checking accounts on the day following Hornsby’s death. Mrs. Hornsby refused the checks.
Since the parties were unable to agree upon the intended meaning of paragraph XVI, Landry filed this suit for declaratory judgment. Defendants reconvened each seeking to be declared the owner of a 25% interest in the Hornsby and Landry partnership. In addition, defendants sought a complete accounting from Landry and damages for his alleged breach of his fiduciary obligation as liquidator.
In concluding as it did, the trial court, in written reasons for judgment, stated:
“The Court does not find any ambiguity in the first sentence of Paragraph XVI, in that it was the intent of both parties to immediately liquidate the partnership after the death of one of the partners. However, the Court finds that the second *58 sentence of Paragraph XVI is ambiguous. Even allowing testimony, the Court is not able to determine the true intent of the parties with regard to that second sentence.
One of the problems with that sentence is that it states that the heirs of the surviving partner shall be entitled to the profits, and in all probability it was intended to mean the heirs of the deceased partner. The Court also finds the term ‘gross profits’ to be ambiguous. Mr. Landry testified that ‘gross profits’ consists of any monies that are in the bank accounts that are not committed to expenses. The Court does not agree with this definition because ‘gross profits’ is a measurement of a business activity over a period of time. ‘Gross profits’ can measure the profits or losses of a business for a period of time, such as a month, a year, or even since the beginning of the business, in this case, 1978. ‘Gross profit’ is not a term that can be used to figure the liquidated value of a partnership. The Court rejects the interpretation of ‘gross profits’ advanced by Mr. Landry and is unable to determine what the parties intended by these words. Accordingly, the Court finds that there is no enforceable agreement as to the term ‘gross profits’.
A further ambiguity is created by the undefined use of the term ‘partnership account’. Mr. Landry testified that the partnership had two (2) accounts. Under no construction can it be reasonably concluded, as contended by Mr. Landry, that the heirs are entitled to only one-half (V2) of the bank account balances, after deducting expenses. If this is what was intended, the parties could have stated it as such. Once again, the Court rejects the interpretation advanced by Mr. Landry and finds no enforceable agreement as to this term.
The Court finds the second sentence of Paragraph XVI to be so ambiguous as to be meaningless. Since the Court is unable to find a meeting of the minds as to any reasonable interpretation, the sentence is rendered null and void. In reaching this conclusion the Court is mindful of the Civil Code articles dealing with interpretation of contracts, (LSA-C.C. Arts. 2045-2057) and finds that, even applying the methodology set forth in these articles, it reaches the same conclusion. Therefore, having rejected Paragraph XVI as legally enforceable, the Court orders that there be a liquidation of the partnership assets under the General Liquidation Law.”
In interpreting a contract, the court seeks to ascertain the common intent of the parties. La.C.C. art. 2045. When the words of a contract are clear and unambiguous, no further search for the parties’ intent is permitted. La.C.C. art. 2046. However, when a provision is doubtful, it “must be interpreted in light of the nature of the contract, equity, usages, the conduct of parties before and after the formation of the contract, and other contracts of a like nature between the same parties”. La.C.C. art. 2053. Equity stems from the principles “that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another”. La.C.C. art. 2055. Usage is “a practice regularly observed in affairs of a nature identical or similar to the object of a contract subject to interpretation”. La.C.C. art. 2055.
We agree with the trial court’s determination that paragraph XVI of the agreement is ambiguous. The phrase “the heirs of the surviving partner shall only be entitled to the profits that exist on that day” appears to be an obvious error. We assume this phrase was intended to provide that the “heirs of the deceased partner” would be entitled to the profits that existed on that day. Further confusion is created by the use of the terms “gross profits” and “partnership account” without any definition of these terms. The paragraph also calls for a division of the “gross profits” and then accords to the heirs the profits that exist on that day, without limiting them to only their divided share.
Landry argues that the parties intended “gross profits” to mean monies in the firm's checking account on the next business day following a partner’s death, not *59 committed to expenses, and “partnership account” to refer to the firm’s checking accounts. He would have us interpret the paragraph to mean that the heirs of the deceased partner are entitled only to one-half of whatever monies, less expenses, were in the firm’s checking account on the next business day following Hornsby’s death. Thus, according to Landry, Mrs. Hornsby is entitled to $761.94 in settlement of her husband’s interest in the partnership.
We do not consider that the nature of the contract, equity and usage supports Landry’s interpretation of paragraph XYI of the agreement. It is totally unrealistic to limit the meaning of “partnership account” to the firm’s bank accounts. In most partnership agreements, “partnership account” includes all the assets of the partnership and “gross profits” includes the net value of those assets. In addition, ordinarily the heirs of the deceased partner are entitled to his interest in all of the partnership assets, not just the bank accounts. If Landry’s interpretation is adopted, Hornsby’s family would not be entitled to any interest in fees earned but then unpaid, monies which the partnership may have advanced in connection with pending litigation, physical assets etc. In addition, Landry’s interpretation accords no value to the services performed by Hornsby on matters then pending.
The record contains no evidence regarding relevant conduct of the parties before or after the formation of the contract which would shed light on this provision other than Landry’s discussions with Hornsby concerning the matter. Landry testified as to his interpretation based on these discussions however, we do not find Landry’s interpretation a reasonable reflection of the parties’ common intent. Accordingly, we conclude that the trial court did not clearly err in finding paragraph XVI of the agreement meaningless and unenforceable except insofar as it provides for liquidation of the partnership upon the death of a partner.
For the foregoing reasons, the judgment appealed from is affirmed and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to plaintiff-appellant. Costs at the trial level are to await the final disposition of this matter.
AFFIRMED AND REMANDED.