938 F.2d 885
 21 Bankr.Ct.Dec. 1460, Bankr. L. Rep. P 74,054
 MID-TECH CONSULTING, INC., Appellee,
v.
Donald R. SWENDRA and Diana Swendra, Appellants.
MID-TECH CONSULTING, INC., Appellant,
v.
Donald R. SWENDRA and Diana Swendra, Appellees.
MID-TECH CONSULTING, INC., Appellant,
v.
Donald R. SWENDRA and Diana Swendra, Appellees.
 Nos. 90-5445 MN, 91-1412 MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 10, 1991.
Decided July 11, 1991.
 
 David Gronbeck, Minneapolis, Minn., for appellant/cross-appellee.
 Brian C. Southwell, Minneapolis, Minn., for appellee/cross-appellant.
 Before ARNOLD and MAGILL, Circuit Judges, and BATTEY,* District Judge.
 MAGILL, Circuit Judge.
 
 
 1
 Mid-Tech Consulting, Inc., appeals from the district court's[1] order dismissing its proceeding under 11 U.S.C. Sec. 727 (1988) to revoke Donald and Diana Swendra's discharge from bankruptcy. On cross-appeal, the Swendras challenge the district court's reversal of sanctions the bankruptcy court imposed against Mid-Tech and its attorney for violating Bankruptcy Rule 9011. We affirm on both issues.
 
 I.
 
 2
 The facts relevant to this appeal are straightforward. In September 1987, Donald and Diana Swendra filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code. On December 15, 1987, the Swendras were granted a discharge. After the discharge, Mid-Tech Consulting, Inc. (Mid-Tech), one of the Swendras' creditors in the Chapter 7 proceeding, commenced an adversary proceeding in the bankruptcy court to revoke the Swendras' discharge. Mid-Tech alleged that the Swendras had fraudulently concealed assets during the pendency of their bankruptcy case, and that Mid-Tech learned of the concealment during the case, but did not obtain evidence of the concealment until after discharge. Mid-Tech asked the court to revoke the Swendras' discharge pursuant to 11 U.S.C. Sec. 727, which authorizes a court to revoke a discharge if "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. Sec. 727(d)(1).
 
 
 3
 The bankruptcy court held a hearing to determine whether Mid-Tech had knowledge of the allegedly concealed assets, which included stock and a lake cabin, before the Swendras' December 15, 1987 discharge. After the hearing, the bankruptcy court found that Mid-Tech knew of the facts underlying its claim for revocation before the discharge, and therefore dismissed Mid-Tech's complaint.
 
 
 4
 After the dismissal, the Swendras moved for the imposition of sanctions against Mid-Tech under Bankruptcy Rule 9011, which provides:
 
 
 5
 Every petition, pleading, motion and other paper served or filed in a case under the Code ... shall be signed by at least one attorney of record in the attorney's individual name.... The signature ... constitutes a certificate that the attorney ... has read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.
 
 
 6
 Bankr.R. 9011(a). After a hearing, the bankruptcy court concluded that counsel for Mid-Tech had not made a sufficient inquiry into the facts and that the law clearly barred Mid-Tech's action for revocation. On these grounds, the bankruptcy court granted the motion, awarding the Swendras $10,353.50, the full amount of their attorney fees. The bankruptcy court held Mid-Tech and its attorney jointly and severally liable for the award.
 
 
 7
 On appeal, the district court affirmed the bankruptcy court's dismissal of Mid-Tech's complaint, but reversed the award of sanctions. Before this court, Mid-Tech appeals the dismissal of its complaint, while the Swendras appeal the reversal of the award of sanctions.
 
 II.
 A. Section 727(d)(1)
 
 8
 Mid-Tech argues that the district court erred in affirming the bankruptcy court's dismissal of its complaint because it did not know of the Swendras' alleged fraud until after the discharge. Mid-Tech contends that the fraud at issue, primarily the Swendras' failure to disclose their equity interest in a lake cabin, was not ascertainable until two days after discharge, when the Swendras mortgaged the property. Therefore, Mid-Tech concludes, it did not know of the fraud until after discharge and properly sought revocation under Sec. 727(d)(1). The Swendras argue that as long as Mid-Tech, before discharge, had knowledge of some of the relevant facts, i.e., the cabin's existence and its omission from the bankruptcy schedules, Mid-Tech was barred from bringing an action under Sec. 727(d)(1).
 
 
 9
 The issue thus becomes the meaning of the "did not know" requirement of Sec. 727(d)(1). Mid-Tech urges us to take a narrow approach and hold that a creditor must know all of the facts that constitute the alleged fraud before dismissal of a Sec. 727(d)(1) action is appropriate. See Drewes v. Magnuson (In re Magnuson), 113 B.R. 555, 560 (Bankr.D.N.D.1989); MacDill Air Force Base Fed. Credit Union v. Schweda (In re Schweda), 19 B.R. 499, 501 (Bankr.M.D.Fla.1982). The Swendras, on the other hand, urge us to take a broader approach and hold that dismissal under Sec. 727(d)(1) is proper where the creditor knows of facts that indicate a possible fraud. See, e.g., West Suburban Bank v. Arianoutsos (In re Arianoutsos), 116 B.R. 116, 118-19 (Bankr.N.D.Ill.1990); Bear Stearns & Co. v. Stein (In re Stein), 102 B.R. 363, 367-68 (Bankr.S.D.N.Y.1989); Chambers v. Benak (In re Benak), 91 B.R. 1008, 1009-10 (Bankr.S.D.Fla.1988); Peoples Bank, Inc. v. Herron (In re Herron), 49 B.R. 32, 35 (Bankr.W.D.Ky.1985).
 
 
 10
 We agree with the Swendras and the majority of the courts that have addressed this issue, and hold that dismissal of a Sec. 727(d)(1) revocation action is proper where, before discharge, the creditor knows facts such that he or she is put on notice of a possible fraud. See Arianoutsos, 116 B.R. at 119. Thus, the burden is on the creditor to investigate diligently any possibly fraudulent conduct before discharge. See Stein, 102 B.R. at 368; Benak, 91 B.R. at 1009-10.
 
 
 11
 By placing this burden on the creditor, we ensure that situations such as the one before us will be avoided in the future. In this case, Mid-Tech knew of the cabin and its omission from the bankruptcy schedules before discharge. Instead of thoroughly investigating the status of the lake cabin and the Swendras' stock, and then promptly bringing any fraud to the bankruptcy court's attention, Mid-Tech waited until after discharge. In seeking to revoke the discharge in a separate proceeding when the matter could have been handled before discharge in the original bankruptcy case, Mid-Tech has squandered the resources of the parties and of the courts. We hope today's holding will help creditors in the future avoid such waste.
 
 B. Sanctions
 
 12
 On cross-appeal, the Swendras contend that the district court erred in reversing the bankruptcy court's award of sanctions against Mid-Tech and its counsel. An appellate court must apply an abuse of discretion standard when reviewing an award of sanctions under Federal Rule of Civil Procedure 11. See Cooter & Gell v. Hartmarx Corp., --- U.S. ----, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990). Because the language of Bankruptcy Rule 9011 closely tracks that of procedural Rule 11, it seems logical that the same standard of review should apply.
 
 
 13
 In Cooter & Gell, the Supreme Court explained that the trial court abuses its discretion when it bases "its [sanctions] ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." 110 S.Ct. at 2461. The district court based its reversal of the bankruptcy court's award of sanctions in part on the first consideration, concluding that the case law did not clearly bar Mid-Tech's action so as to justify sanctions. We agree with this conclusion. Bankruptcy Rule 9011 sanctions should not be imposed on a party who makes a good faith argument based on existing precedent.[2]
 
 
 14
 The district court also believed that the evidence did not support the bankruptcy court's conclusion that counsel for Mid-Tech did not make a sufficient inquiry into the facts of this case. Again, we agree. Bankruptcy Rule 9011 only required counsel for Mid-Tech to make a reasonable inquiry, which the record shows that he did.[3] While this inquiry may have been insufficient to avoid dismissal of the Sec. 727(d)(1) cause of action, it was nevertheless reasonable, and thus sufficient to avoid the imposition of Rule 9011 sanctions.[4]III.
 
 
 15
 For the forgoing reasons, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota
 
 
 [2]
 We note that counsel for Mid-Tech, in an affidavit in opposition to the motion for sanctions, did not mention the cases he relies on before this court in arguing that dismissal of the Sec. 727(d)(1) cause of action was improper. We have reviewed the cases he did mention, however, and believe that they provide some support for his argument, although not as much as the cases cited above
 
 
 [3]
 Counsel for Mid-Tech examined the title to the lake cabin, reviewed the Swendras' bankruptcy petition, and questioned an officer of Mid-Tech as to the Swendras' possible concealment of assets. App. at 15
 
 
 [4]
 The Swendras argue that it is "difficult if not impossible to fathom the District Court's reasoning in concluding that the Bankruptcy Court committed no error in dismissing Mid-Tech's complaint ... but at the same time finding error in an award of sanctions under Bankruptcy Rule 9011." Swendras' Brief at 13. This observation should resolve their confusion