**In re DAKOTA RAIL, INC.**

**DORSEY & WHITNEY, et al.**

**v.**

**DAKOTA RAIL, INC., et al.**

Civ. No. 4–91–209.
Bankruptcy No. 4–88–639.
Adv. No. 4–90–145.

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 30, 1991.

Robert F. Henson, Henson & Efron, Minneapolis, Minn., for plaintiffs/appellants.

Mark J. Kalla, Oppenheimer, Wolff & Donnelly, Minneapolis, Minn., for defendants/appellees.

## ORDER

ROSENBAUM, District Judge.

On January 25, 1991, the Honorable Nancy C. Dreher, United States Bankruptcy Judge, imposed Bankruptcy Rule 9011 sanctions upon Steven K. Champlin, an attorney with the law firm of Dorsey & Whitney. For the reasons set forth below, the bankruptcy court's order is reversed.

*Background*

The Lafayette Club (or the Club), operates its country club on property (the property) adjacent to debtor Dakota Rail, Inc.'s (Dakota Rail) right of way. The Lafayette Club possessed and used a portion of the property under a lease agreement with debtor Dakota Rail. In February, 1988, Dakota Rail filed for Chapter 11 bankruptcy. A trustee was appointed for the bankruptcy estate. The trustee was represented by Kim Anderson, an attorney with the Dorsey & Whitney law firm. Anderson's representation was approved by the bankruptcy court.

After Dakota Rail filed bankruptcy, the Lafayette Club negotiated with the trustee for the purchase or renewed lease of the property. The parties dispute whether or not Anderson represented the trustee in these negotiations. It is clear, however, that no written agreement was executed to resolve the lease/purchase question.

Dakota Rail's plan for reorganization was confirmed on February 26, 1990, and the trustee was discharged. Subsequent to the discharge, Dakota Rail gave the Lafayette Club notice that its property lease would be terminated. In response, the Lafayette Club initiated an adversary proceeding against Dakota Rail, claiming that the trustee had entered into an oral agreement to continue the lease.[1] On May 15,

---

1. At this point in the proceedings, the Lafayette Club was represented by V. Owen Nelson of Lommen, Nelson, Cole & Stageberg.

1990, the bankruptcy court temporarily enjoined Dakota Rail from interfering with the Lafayette Club's possession and use of the property.

On May 18, 1990, the Lafayette Club filed a substitution of counsel with the bankruptcy court, naming Steven Champlin of Dorsey & Whitney as its lawyer.[2] Shortly thereafter, Dakota Rail moved to disqualify Dorsey & Whitney as counsel for the Lafayette Club. Dorsey & Whitney filed a brief in opposition to this motion. The bankruptcy court granted the motion, finding that Champlin and Dorsey & Whitney had agreed to represent a party (the Lafayette Club) whose interests were materially adverse to its former client (the trustee and the Dakota Rail bankruptcy estate).[3] The bankruptcy court found that Dorsey & Whitney's representation of the Lafayette Club violated Minnesota Rule of Professional Conduct 1.9.[4] The Club requested reconsideration, which was denied. New counsel was obtained by the Lafayette Club, and the case was promptly settled on September 10, 1990.

On December 10, 1990, Dakota Rail moved, pursuant to Bankruptcy Rule 9011,[5] for the imposition of sanctions against Champlin and Dorsey & Whitney for having contested Dakota Rail's disqualification motion. The bankruptcy court granted the motion, and issued the order which is the subject of this appeal.

*Analysis*

When a district court reviews a bankruptcy court order, it sits as an appellate court. *In re Muncrief,* 900 F.2d 1220, 1224 (8th Cir.1990). A bankruptcy court's sanction order is subject to an "abuse of discretion" standard of review. *Mid–Tech Consulting,* 938 F.2d 885, 888 (8th Cir. 1991). A court abuses its discretion if it bases its sanctions ruling on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Mid–Tech Consulting, Inc. v. Swendra,* at 888 (citing *Cooter & Gell v. Hartmarx Corp.,* —— U.S. ——, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990)).

Courts considering sanctions under Bankruptcy Rule 9011 rely on caselaw construing Rule 11, Federal Rules of Civil Procedure (Fed.R.Civ.P.), based upon the substantial similarity in the language of the two rules. *See, e.g., In the Matter of Cohoes Industrial Terminal, Inc.,* 931 F.2d 222, 227 (2nd Cir.1991); *In re D. C. Sullivan Co.,* 843 F.2d 596, 598 (1st Cir. 1988); *Cinema Service Corp. v. Edbee Corp.,* 774 F.2d 584, 585 (3d Cir.1985). "The standard by which courts are to judge conduct challenged under rule 11 [or Bankruptcy Rule 9011] is one of objective reasonableness." *Hartman v. Hallmark Cards, Inc.,* 833 F.2d 117, 124 (8th Cir. 1987). The Court must determine whether

---

2. Before Dorsey & Whitney began its legal relationship with the Lafayette Club, Dorsey & Whitney conducted a "conflicts check" which revealed Anderson's prior representation of the trustee. Champlin then presented the issue to the ethics committee at Dorsey & Whitney. Dorsey & Whitney also disclosed the prior relationship to the president of the Lafayette Club. Anderson Affidavit at 2.

3. Although the Lafayette Club sought sanctions against both Champlin and Dorsey & Whitney, the bankruptcy judge awarded sanctions against Champlin only, citing *Melrose v. Shearson/American Express, Inc.,* 898 F.2d 1209, 1217 (7th Cir.1990). Champlin and Dorsey & Whitney join in appealing the imposition of sanctions. Reference is made to either Champlin or Dorsey & Whitney as appropriate.

4. Rule 1.9 provides:
A lawyer who has formerly represented a client in a matter shall not thereafter:

(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation....

5. Bankruptcy Rule 9011 provides, in relevant part:

Every petition, pleading, motion and other paper served or filed in a case under the Code ... shall be signed by at least one attorney of record.... The signature ... constitutes a certificate that the attorney ... has read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law....

the attorney signing the pleading conducted a reasonable inquiry into the facts and law supporting the pleading. *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir.1987).

Champlin and Dorsey & Whitney advance two grounds for reversal of the bankruptcy court's sanction order. They argue, first, that there were both factual and legal grounds for opposing the disqualification motion and, second, that the motion for sanctions was untimely. In response, Dakota Rail reiterates its arguments supporting Dorsey & Whitney's disqualification.

■ This Court does not determine the propriety of the bankruptcy court's disqualification order. That order has not been appealed. Rather, this Court's inquiry is limited to determining whether or not the bankruptcy court abused its discretion when it held that Dorsey & Whitney's opposition to the disqualification motion was "completely without legal basis" and imposed sanctions. Memorandum Order for Sanctions, Bky. 4–88–639, Jan. 25, 1991, at 7. This Court finds the bankruptcy court's holding to be erroneous as a matter of law.

The disqualification motion turned on whether or not Dorsey & Whitney's representation of the trustee was equivalent to representation of Dakota Rail. If so, Dakota Rail qualified as a "former client" and Dorsey & Whitney would be disqualified; if not, Dorsey & Whitney would be free to represent the Lafayette Club. In opposing the disqualification motion, Dorsey & Whitney argued that there was no identity of interest between the trustee and Dakota Rail. Dorsey & Whitney relied on 11 U.S.C. § 323 which provides that the trustee represents the estate, and not the debtor. Dorsey & Whitney also cited 11 U.S.C. § 541(a) which codifies the principle that the estate and the debtor are separate legal entities.

The bankruptcy court rejected Dorsey & Whitney's view. The bankruptcy court reasoned that because the trustee managed Dakota Rail's assets and conducted negotiations on behalf of Dakota Rail, there was an identity of interest between the trustee

and Dakota Rail. As such, the bankruptcy court held that Dorsey & Whitney's representation of the trustee was, "in substance," representation of Dakota Rail and created a "powerful appearance of impropriety." Memorandum Order for Sanctions, at 7–8.

The bankruptcy court's conclusion does not, however, automatically render Dorsey & Whitney's defense of its position illfounded, unwarranted, or in bad faith. The bankruptcy court acknowledged that there was no caselaw directly on point. In the presence of the cited statutes and the absence of controlling case law, this Court finds that Dorsey & Whitney's position was *not outside the bounds of proper advocacy.* This Court has, itself, found a generally analogous position to be tenable. *Federal Deposit Insurance Corp. v. Amundson,* 682 F.Supp. 981 (D.Minn.1988). Thus, neither "existing law [n]or a good faith argument for extension [or] modification ... of existing law" would clearly bar Dorsey & Whitney's opposition to the disqualification motion. Fed.R.Civ.P. 11.

Under Eighth Circuit law, Bankruptcy Rule 9011 is unavailable if a party "makes a good faith argument based on existing precedent." *Mid–Tech Consulting,* at 888. Applying this standard, the Court finds that Dorsey & Whitney's submission of a brief in opposition to the disqualification motion was not objectively unreasonable. Accordingly, imposition of sanctions under these circumstances was an abuse of discretion.

Having disposed of this matter as set forth above, the Court declines to consider Dorsey & Whitney's alternative ground for reversal.

Based on the files, records and proceedings herein, IT IS ORDERED that:

The bankruptcy court's order, dated January 25, 1991, is reversed and the sanction applied thereunder is lifted.