In re Patrick Louis **RICHARD**
d/b/a Circle R. Farms.

**MILLER–CLABORN DISTRIBUTION, CO., INC., Plaintiff,**

v.

Patrick Louis **RICHARD, Defendant.**

Bankruptcy No. 92–14120S.
Adv. No. 93–4506.

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

March 28, 1994.

---

Stephen Arnold, Texarkana, TX, for plaintiff.

Bruce Condit, Texarkana, TX, for debtor/defendant.

Wm. Randal Wright, Trustee, Hope, AR.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE came before the Court upon the trial of the Complaint to Revoke Discharge. Trial was held on March 17, 1994, at which Stephen T. Arnold appeared on behalf of the plaintiff and Bruce A. Condit appeared with the debtor.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b).

The debtor filed his voluntary Chapter 7 petition in bankruptcy on July 20, 1992, listing the plaintiff as a creditor. The first meeting was properly noticed and held on August 20, 1992, after which the discharge of the debtor was entered, on December 23, 1992. No objection to discharge or dischargeability was filed within the time requirements of the Federal Rules of Bankruptcy Procedure, as noticed to all creditors in the notice of commencement of case and fixing of the date for the first meeting of creditors.

The Bankruptcy Code provides for revocation of a discharge as follows:

On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; [or]

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee.

\* \* \*

11 U.S.C. § 727(d)(1), (2).[1] Although the complaint cites paragraph (2) of section 727(d), relating to the acquisition of property, the facts alleged in the complaint and the argument at trial invoke paragraph (1).

 Plaintiff cannot prevail under section 727(d)(1) inasmuch as there is no proof before the Court that it, the requesting party, "did not know of such fraud until after the granting of such discharge." This is an express statutory element of the cause of action, *Continental Builders v. McElmurry (In re McElmurry)*, 23 B.R. 533, 535 (W.D.Mo. 1982), on which the plaintiff carries the burden of proof, *Id.* From the evidence presented to the Court, it appears that the plaintiff had the means to obtain all of the facts it presented to the court prior to the time for filing an objection to discharge. Since all of the facts were available to plaintiff prior to the time for objecting to discharge, it cannot now seek revocation of the discharge. *See Mid–Tech Consulting, Inc. v. Swendra,* 938 F.2d 885, 888 (8th Cir.1991) ("[D]ismissal of a § 727(d)(1) revocation action is proper where, before discharge, the creditor knows facts such that he or she is put on notice of a possible fraud.... Thus, the burden is on the creditor to investigate diligently any possibly fraudulent conduct be-

1. In addition, Section 727(e) sets time limits for filing a request for revocation of a discharge. In the instant case, the complaint was filed within those time limits.

fore discharge."); *Doe v. Zimmerman (In re Zimmerman)*, 869 F.2d 1126, 1128 (8th Cir. 1988) ("Doe failed to utilize the means that were available to protect her interests. Specifically, the court found that Doe had failed 'to timely object to Debtor's discharge pursuant to 11 U.S.C. § 727(a)....' Doe does not deny that these procedures were legally available to her, and she has given ... no explanation for her failure to use them."); *West Suburban Bank of Dairen v. Arianoutsos (In re Arianoutsos)*, 116 B.R. 116, 119 (Bankr.N.D.Ill.1990).

■ Even had the plaintiff established that it was unable to timely unearth the facts asserted in support of its position, those facts do not compel the conclusion that fraud, required by the statute, existed. In the instant case, based upon the testimony and demeanor of the debtor, the Court finds that the debtor did not obtain his discharge through fraud. Although the debtor's schedules clearly contain material omissions, the Court cannot find the requisite fraudulent intent qualifying them as false oaths which would result in a denial of discharge.[2] Accordingly, to the extent that the plaintiff pleads a cause of action under section 727(d)(1), the complaint will be dismissed as to those grounds.

Section 727(d)(2) provides for revocation of the discharge if the debtor acquired an interest in property and fraudulently failed to report that interest to the trustee. There is no evidence before the Court that the debtor failed or refused to turnover property to the trustee, that he acquired an interest in property, or that any such acquisition was unreported. Indeed, the evidence was uncontroverted that the debtor responded candidly to all of the questions of the trustee at the section 341 meeting and disclosed all of the information which the plaintiff asserts was concealed. Based upon these facts, it is

**ORDERED** that the complaint to revoke the discharge will be dismissed.

**IT IS SO ORDERED.**

[2]. Although the debtor voluntarily and candidly disclosed all of the omissions at the first meeting of creditors, it was still incumbent upon him to file amended schedules.

*JUDGMENT*

This action came on for trial before the Court, Honorable Mary Davies Scott, U.S. Bankruptcy Judge, presiding, and the issues having been duly tried and a decision having been duly rendered,

**It is Ordered and Adjudged** that the plaintiff take nothing and that the action be dismissed on the merits.

**It is So Ordered.**