**In re Robert A. DeLAUGHTER, d/b/a River City Pets and 4 Paws Grooming, Debtor–Appellant.**

**Forrest E. EBERSOLD, Appellant,**

v.

**Nichola K. DeLAUGHTER, Creditor–Appellee.**

BAP No. 97–6030SI.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted Sept. 18, 1997.

Decided Oct. 27, 1997.

Forrest E. Ebersold, Counsel Bluffs, IA, for appellant.

James E. Bachman, Omaha, NE, for appellee.

Before KOGER, Chief Judge, HILL, and DREHER, Bankruptcy Judges.

NANCY C. DREHER, Bankruptcy Judge.

This is an appeal by Debtor's counsel, Forrest E. Ebersold ("Appellant"),[1] from an order of the bankruptcy court awarding sanctions against him pursuant to Federal Rule of Bankruptcy Procedure 9011.[2] The bankruptcy court ordered Appellant to pay Debtor's spouse, Appellee Nichola DeLaughter, the attorneys' fees and expenses she had incurred in responding to Debtor's amended Chapter 13 plan filed in the bankruptcy case.[3] We find that the bankruptcy court did not abuse its discretion in awarding sanctions. Accordingly, we affirm.

## BACKGROUND

On July 25, 1995, Appellee filed a petition for dissolution of her marriage in Iowa state court. Within days, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code, scheduling Appellee as an unsecured nonpriority creditor. At the time, Debtor was also being pursued by other creditors, including the Internal Revenue Service.

On August 14, 1995, Debtor filed his first Chapter 13 plan. The terms of the plan classified the debt to Appellee separately, providing as follows:

> Class C. Class C shall consist of the debt to Nichola K. DeLaughter. On or about July 25, 1995 she filed for Dissolution of Marriage after two years of marriage and any property settlement is subject to discharge. Under existing [law] any award made during the dissolution case i[s] not in the form of support. Failure to object to this plan will result in a[n] order confirming the same.

Appellee did not file an objection to the proposed plan, but the Chapter 13 Trustee did object on the ground that Debtor's dissolution proceedings had not concluded and the plan could not purport to resolve undetermined marital distribution rights in the context of a Chapter 13 plan. At the confirmation hearing, Appellant, on behalf of Debtor, orally withdrew the proposed plan, and the bankruptcy court then overruled the objections to confirmation as moot.

Subsequently, Appellant prepared, signed and, on October 16, 1995, filed the amended Chapter 13 plan which serves as the basis for the award of sanctions. The treatment of Appellee in the amended plan was substantially identical to that in the original plan. The Chapter 13 Trustee objected again to confirmation of the amended plan for the previously stated reason. Appellee also now for the first time objected on the same ground and moved for relief from the automatic stay. Appellant prepared a response to Appellee's motion for relief from the automatic stay which continued to assert that Debtor could properly resolve his marital obligations in bankruptcy court, rather than in state court. The bankruptcy court rejected this argument and granted Appellee's motion.

On December 14, 1995, at the confirmation hearing on the Debtor's amended Chapter 13 plan, Appellant orally withdrew the proposed plan and moved to convert the case to Chapter 7. Although Appellant knew he was going to take such action in advance of the hearing, he made no attempt to alert Appellee's attorney to this possibility. The bankruptcy court overruled the objections to confirmation as moot and granted the motion to convert.

Appellee then filed a motion for sanctions under Bankruptcy Rule 9011. The motion was based, in part, on Appellee's showing that the legal positions taken by Appellant

---

1. The notice of appeal also lists Debtor as an Appellant, but no sanctions were awarded against Debtor and he is not a proper party to this appeal.

2. In its order, the bankruptcy court also referenced, as support, § 105 of the Bankruptcy Code. Our disposition of this appeal under Rule 9011 renders any discussion of § 105 or the bankruptcy court's treatment of that issue unnecessary.

3. The order was not explicit in providing that the sanctions award be paid to Nichola and/or her counsel, but the parties have assumed this was the import of the court's order.

were wholly unsupported by applicable law. Further, Appellee argued that Appellant had used the bankruptcy proceeding in order to frustrate Appellee's attempt to resolve the marital dispute in state court and as a lever to force Appellee to accept a settlement in the dissolution proceedings. After a hearing, the bankruptcy court awarded sanctions against Appellant in the amount of $1,575.00.[4]

## DISCUSSION

■ We review the bankruptcy court's award of sanctions for abuse of discretion. *Grunewaldt v. Mutual Life Ins. Co. (In re Coones Ranch, Inc.)*, 7 F.3d 740, 743 (8th Cir.1993); *Mid–Tech Consulting, Inc. v. Swendra*, 938 F.2d 885, 888 (8th Cir.1991); *see also Dorsey & Whitney v. Dakota Rail, Inc. (In re Dakota Rail, Inc.)*, 132 B.R. 25, 27 (D.Minn.1991). Thus, we should reverse the award only if we conclude that it was based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990), *quoted in Swendra*, 938 F.2d at 888.

■ Rule 9011 provides that the signature of an attorney to a pleading constitutes a certificate that the attorney has read the document; that to the best of the attorney's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and, that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase the cost of administration of the case. FED.R.BANKR.P. 9011. If a document is signed in violation of this rule, the court "shall" impose on the person who signed it, the represented party, or both, an appropriate sanction. FED. R.BANKR.P. 9011. Violations of the rule mandate sanctions thereunder, and discretion, in

this respect, is entirely removed from the court. *Happy Chef Sys., Inc. v. John Hancock Mut. Life Ins. Co.*, 933 F.2d 1433, 1438 (8th Cir.1991)("[S]anctions are mandatory when a [Rule 9011] violation occurs ...."); *see also, O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir.1987). Thus, the court's discretion is constrained to the determination of whether the rule has been violated and then, if so, to formulating a sanction for a new violation thereof. *See Stuebben v. Gioioso (In re Gioioso)*, 979 F.2d 956, 960–61 (3rd Cir.1992).

■ The bankruptcy court correctly found that Appellant had filed the amended plan and had pursued it to confirmation for the improper purpose of "needlessly delaying the state court action, increasing the costs of litigation, and provid[ing] [the Debtor] with leverage in the dissolution case." The bankruptcy court was also correct in holding that Appellee's claim was made without reasonable inquiry into the law or a good faith argument for an extension of the law.[5] The evidence clearly supports the finding that the amended plan was filed merely for the purpose of prolonging the Debtor's bankruptcy case in order to extend the life of the automatic stay, which in turn caused needless delay in the state court dissolution action. Debtor filed his first Chapter 13 plan while still under the protection of the automatic stay, only to withdraw it, without advance warning, at the confirmation hearing upon encountering objections to confirmation. After the bankruptcy court terminated the stay to allow Nichola to proceed with the state court dissolution proceeding, Debtor opted to convert to Chapter 7, but waited until the confirmation hearing to do so. In addition, the bankruptcy court was correct in concluding that Appellant had done no research and had no reasonable basis to assert that the bankruptcy court had jurisdiction to grant or modify a marriage dissolution decree and in

---

4. This number represented the fees charged by counsel to Appellee to defend against the amended plan. Appellant does not challenge the amount of the fee award.

5. Appellant argues that the bankruptcy court could not and should not have found that Debtor filed the bankruptcy petition itself for an improp-

er purpose. Appellant further argues that the bankruptcy court should not have found his resistance to the motion for relief from stay to be sanctionable. However, the decision on these issues was made in the context of § 105, which we do not address. *See supra* note 2.

further finding that Appellant filed the amended plan with ample warning that he had no legal basis for doing so. It is clear from this record that Appellant made no inquiry into the law, much less a reasonable one. Appellant's disregard for the law, the facts, and the need for respect to the court and opposing counsel was demonstrated when he filed an appeal and then, without warning, simply failed to appear at oral argument to pursue it. On this record, the bankruptcy court's conclusion that the Appellant's amended plan was filed for an improper purpose and without a reasonable inquiry into the law was correct.[6]

Accordingly, the order of the bankruptcy court is AFFIRMED.

---

**6.** In her brief, Appellee requested that she be awarded attorneys' fees and costs incurred in this appeal. Bankruptcy Appellate Panels may award sanctions for frivolous appeals under Rule 38 of the Federal Rules of Appellate Procedure. *Determan v. Sandoval (In re Sandoval),* 186 B.R. 490, 496 (9th Cir. BAP 1995); *Franchise Tax Bd. v. Roberts (In re Roberts),* 175 B.R. 339, 345 (9th Cir. BAP 1994). Such a request must be made by motion after notice; it is not enough to request fees in a brief or at argument. *Sandoval,* 186 B.R. at 496; FED R.APP P. 38.