# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

―――――――――――

No. 99-31069

(Summary Calendar)

―――――――――――

In The Matter of: VERIA M. TUCKER


Debtor

―――――――――――――――――――――

FRIENDLY FINANCE DISCOUNT
CORP.; JOHN G. LOFTIN,


Appellants,

versus


VERIA M. TUCKER,


Appellee.

―――――――――――――――――――――

Appeal from the United States District Court
For the Western District of Louisiana
DC No. 98-CV 1597

―――――――――――――――――――――

June 28, 2000

Before JOLLY, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Friendly Finance Discount Corporation ("Friendly") and Friendly's owner and president John Loftin appeal the bankruptcy court's imposition of sanctions on Friendly, Loftin, and Friendly employee Steve Powell. The district court affirmed the bankruptcy court. We affirm.

―――――――――――――

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Veria Tucker ("Debtor") was obligated to Friendly on two separate loans. She filed a voluntary petition under Chapter 13 which was later converted to Chapter 7. A discharge was scheduled to be issued on July 15, 1998. On March 26, 1998, a reaffirmation agreement was filed on behalf of Friendly. Debtor subsequently filed documentation attesting to the recission of the reaffirmation agreement and alleging multiple contacts with her by Friendly employees. The bankruptcy court ordered a hearing, stating that the agreement 1) may have been obtained through harassment or coercion of the Debtor, in violation of 11 U.S.C. § 362; 2) may be unenforceable under 11 U.S.C. § 524 and applicable non-bankruptcy law; 3) may have been obtained in violation of Rule 4.2 of the Rules of Professional Conduct; 4) may have been presented for an improper purpose, in violation of Bankruptcy Rule 9011.

At the hearing, Debtor testified as to the harassment by Friendly. On the day of her § 341 creditor's meeting, Powell, on behalf of Friendly, asked Debtor if she would reaffirm her debt. She answered that she would consider it, and would let Powell know if she decided. The next day, Debtor decided she could not reaffirm her debt with Friendly. She called Friendly and left this message for Powell. Debtor taught at a school. Over the next several days, while Debtor was at work, "at least once or twice every day, the secretary and the principal was telling me that I had messages from Steve [Mr. Powell] or Mr. Loft[i]n. Because they keep a log of everything. They don't like for us to get calls." Debtor never returned the calls.

Later, Debtor was again summoned by the principal, who told her Powell called to say that he was coming out to see her. Debtor had not talked to Powell since the § 341 meeting and never asked anyone to come out to her job. Powell, on behalf of Friendly, went to Debtor's school with a reaffirmation agreement for her signature. Debtor refused, telling Powell that she could not sign because she could not pay and did not want to be sued. Powell left the school and Debtor believed the matter was closed until she received another call by the principal explaining that Powell was to return. Powell returned, the same day, with an amended reaffirmation agreement guaranteeing that "no legal action" would be brought against Debtor under the agreement. Debtor signed it, but soon

decided to exercise her right to rescind the agreement.

Friendly presented testimony contradicting Debtor's version of events. However, the bankruptcy court chose to credit Debtor's testimony. The court found that the alleged violations had occurred. It imposed sanctions as follows: 1) Powell is enjoined from initiating any contact with debtors in bankruptcy cases pending in the Western District of Louisiana, and from attending any § 341 meetings, for one year; 2) no officer, employee, or agent of Friendly may negotiate reaffirmation agreements for Friendly for one year; such negotiations must be conducted by outside counsel admitted to practice in the Western District; 3) no officer, employee, or agent of Friendly may attend a § 341 meeting except when accompanied by outside counsel; 4) Loftin's signature on behalf of Friendly on any reaffirmation agreement is insufficient for filing in any bankruptcy case in the Western District; 5) outside counsel for Friendly must sign any reaffirmation agreement; 6) the Clerk is authorized to refuse to file any Friendly reaffirmation agreement lacking the signature of outside counsel, for one year; 7) Friendly's security interest in Debtor's collateral is annulled. The district court affirmed. Friendly appeals.

First, Friendly claims that the bankruptcy court erred in deciding that the reaffirmation agreement signed by Debtor was void and unenforceable. The agreement stated that "Creditor agrees that it will not take legal action on this agreement at any time in the future." The bankruptcy court found that this language rendered the agreement void, for two reasons. First, the bankruptcy court concluded that, if valid, the agreement had no legal effect except to allow Friendly to harass Debtor if she did not meet the (unenforceable) payment schedule. Ample evidence in the record—notably, testimony from Friendly's witnesses—supports the bankruptcy court's conclusion. The court therefore found that the agreement was not permitted under the Code, with its policy of encouraging "fresh starts" and therefore of discouraging harassment of an unwilling Debtor by an overzealous creditor. We agree.

The bankruptcy court alternatively concluded that the agreement was void because the "no legal action" provision was ambiguous. Assuming that a reaffirmation agreement is not rendered

unenforceable by the Code, it is "enforceable only to any extent enforceable under applicable nonbankruptcy law." 11 U.S.C. § 524(c). The bankruptcy court noted that the purpose of a proper reaffirmation agreement is to reestablish *in personam* liability for a debt. *See, e.g., In re Duke*, 79 F.3d 43, 44 (7th Cir. 1996). If no reaffirmation agreement is signed, a creditor is reduced to an *in rem* action against the collateral. The "no legal action" language in this agreement clearly precluded an *in personam* action against Debtor. However, it was unclear whether it also precluded an *in rem* action. The bankruptcy court noted confusion among the parties on this point: while Debtor clearly indicated that she wanted to preclude all suits, Friendly intimated that only *in personam* actions were subject to the "legal action" bar. Like the district court, we agree that the "no legal action" language is ambiguous. The "applicable nonbankruptcy law" under § 524(c) in this case is that of Louisiana. *See In re Ollie*, 207 B.R. 586, 588 (Bankr. W.D. Tenn. 1997). Louisiana courts may void agreements when the critical terms are overly vague and ambiguous. *See, e.g., Cascio v. Schoenbrodt*, 431 So. 2d 32, 35 (La. Ct. App. 1983); *Landry v. Hornsby*, 562 So. 2d 56, 58 (La. Ct. App. 1990). Therefore, we find the ambiguity of the reaffirmation agreement a sufficient ground on which to affirm the bankruptcy court's finding that the agreement is invalid under § 524(c).

Friendly next challenges the finding that it violated the automatic stay, 11 U.S.C. § 362. § 362 has generally been construed to bar post-petition contacts by creditors with an eye toward reaffirmation only when they involve "coercion or harassment." *See Duke*, 79 F.3d at 45 (citing *Morgan Guaranty Trust Co. v. American Sav. & Loan*, 804 F.2d 1487, 1491 & n.4 (9th Cir. 1986)). Friendly takes issue with the bankruptcy court's interpretation of the testimony at the hearing, emphasizing the testimony it presented that Debtor was never harassed. We review the bankruptcy court's findings of fact for clear error, and the bankruptcy court has ample discretion in judging the credibility of witnesses. *See* Fed. R. Bankr. P. 8013. There is ample evidence that Friendly harassed the Debtor, and the bankruptcy court did not clearly err in so finding. We therefore affirm the finding that Friendly violated § 362.

Friendly next challenges the bankruptcy court's finding that Loftin violated Rule 4.2 of the

-4-

Rules of Professional Conduct, which forbids an attorney from conducting unauthorized ex parte communications with a represented party, or from effecting such communications through a third person. There is clearly evidence that Powell engaged in ex parte negotiations with the Debtor, knowing that she had an attorney, without that attorney's permission. Loftin testified that he did not engage in this conduct himself because he is an attorney, subject to ethical rules prohibiting such contacts. He said nothing to defeat the implication that he encouraged his employees to make such contacts instead, and he testified that placed the "no legal action" language in the agreement after Powell told him the Debtor had insisted upon it in their conversations. The bankruptcy court found that Loftin "was careful to let Mr. Powell do the dirty work"—that Loftin knew the ethical rule and attempted consciously to circumvent it by allowing or even encouraging his employees to make the prohibited contacts. This conclusion is not clearly erroneous. As Rule 4.2 expressly prohibits unauthorized communications effected through a third party, Friendly's challenge is without merit. *See also Duke*, 79 F.3d at 46 (suggesting that, if a Sears employee copying the debtor on correspondence to the debtor's counsel was "acting as an attorney or under the direction of an attorney," Illinois Rule of Professional Conduct 4.2 may have been violated).

Friendly challenges the bankruptcy court's finding that the execution and filing of the reaffirmation agreement by Loftin warranted sanctions under Fed. R. Bank. P. 9011. Rule 9011 "ties sanctions to an attorney's signature on a particular pleading or document which is filed with the court." *In re Case*, 937 F.2d 1014, 1022 (5th Cir. 1991). It "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability" of every paper filed. *In re Melendez*, 235 B.R. 173, 189 (Bankr. D. Mass. 1999); *see also In re Dakota Rail, Inc.*, 132 B.R. 25, 27-28 (D. Minn. 1991) (same). We review the imposition of sanctions for abuse of discretion. *In re Ulmer*, 19 F.3d 234, 235 (5th Cir. 1994); *Case*, 937 F.2d at 1023.

Loftin admitted that he quickly drafted the "no legal action" language when Powell returned from a meeting with the Debtor and told Loftin that the Debtor would not sign the reaffirmation without language guaranteeing that she would not be sued. On a single day, the document's drafting

was sandwiched between two visits by Powell to the Debtor's school, during the latter of which the Debtor signed the reaffirmation agreement later filed with the court. The conclusion that Loftin conducted no investigation as to the validity of the agreement with the added language is not clearly erroneous. The agreement was found void and unenforceable, confirming that Loftin's failure to investigate was unreasonable. The district court did not abuse its discretion in finding Loftin sanctionable under Rule 9011.

Finally, Friendly claims that the bankruptcy court erred in holding that 11 U.S.C. § 105 also authorized the imposition of sanctions. § 105 authorizes the bankruptcy court to, sua sponte, "take any action or make any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105; *see also In re Vasquez*, 221 B.R. 222, 227 (Bankr. N.D. Ill. 1998) (§ 105(a) "provides a sufficient basis and power to ensure compliance with the discharge instruction and, if necessary, to impose sanctions as another mechanism by which the court imposes its own orders") (citing *In re Volpert*, 110 F.3d 494, 501 (7th Cir. 1997)). The bankruptcy court found that Friendly, Loftin and Powell had participated in an abuse of process. This conclusion is not clearly erroneous. We therefore reject Friendly's claim that § 105 was an improper basis for sanctions.

Finding the claims of Friendly and Loftin to be without merit, we affirm the district court.