# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 03-6090 WA

---

In re:                                         *
                                               *
Stephen A. Griffin,                            *
                                               *
        Debtor.                                *
                                               *
Mary McGehee,                                  *        Appeal from the United States
                                               *        Bankruptcy Court for the
        Claimant - Appellant,                  *        Western District of Arkansas
                                               *
        v.                                     *
                                               *
Richard Cox,                                   *
                                               *
        Trustee -Appellee.                     *

---

Submitted: April 21, 2004
Filed: June 3, 2004

---

Before SCHERMER, FEDERMAN and VENTERS, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Mary McGehee ("McGehee") appeals the bankruptcy court[1] order imposing sanctions on her attorney Diane Sexton ("Sexton"). We have jurisdiction over the appeal of final orders issued by the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm the order imposing sanctions on Sexton.

## ISSUE

The issue on appeal is whether the bankruptcy court abused its discretion in ordering Sexton to pay $950.00 to the Clerk of the U.S. Bankruptcy Court for the Eastern and Western Districts of Arkansas for violating Rule 9011 and for charging McGehee for services performed for another client. We conclude that the bankruptcy court did not abuse its discretion in imposing sanctions on Sexton.

## BACKGROUND

At the conclusion of a hearing on August 27, 2003, the bankruptcy court orally removed Sexton from representing McGehee in the bankruptcy case of Stephen A. Griffin ("Debtor"), McGehee's son-in-law, and granted McGehee a reasonable time to obtain a new attorney. On September 5, 2003, the bankruptcy court entered its order removing Sexton as attorney for McGehee pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 7052 ("Removal Order"). The Removal Order is subject to a separate appeal before this court as Case Number 03-6069.[2]

---

[1]The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

[2] The Order being simultaneously entered in Case Number 03-6069 sets forth the history of the case in greater detail including the circumstances resulting in the entry of the Removal Order.

2

Sexton continued to represent McGehee in the Debtor's bankruptcy case after entry of the Removal Order. On September 26, 2003, the bankruptcy court issued its order for Sexton to show cause why she should not be held in contempt for continuing to represent McGehee in the case. A hearing on the show cause order was conducted on November 20, 2003. On November 21, 2003, the court entered its order directing Sexton to pay $950.00 to the Clerk of the U.S. Bankruptcy Court for the Eastern and Western Districts of Arkansas as sanctions for violating Rule 9011 and for charging McGehee for services performed for another client ("Sanctions Order").

On November 25, 2003, Sexton filed a notice of appeal of the Sanctions Order on behalf of McGehee through McGehee's attorney-in- fact Barbara Griffin ("Griffin"). Griffin is McGehee's daughter and the wife of the Debtor. Sexton has represented Griffin throughout the Debtor's bankruptcy proceeding. Sexton's dual representation of Griffin and McGehee was a primary reason for the entry of the Removal Order.

STANDARD OF REVIEW

We review the award of sanctions for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399-405, 110 S.Ct. 2447, 2457-2461, 110 L.Ed. 2d 359 (1990); *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003); *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 624 (8th Cir. 2003); *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003); *Schwartz v. Kujawa (In re Kujawa)*, 270 F.3d 578, 581-82 (8th Cir. 2001); *Grunewaldt v. Mut. Life Ins. Co. of New York (In re Coones Ranch, Inc.)*, 7 F.3d 740, 743 (8th Cir. 1993); *Ebersold v. DeLaughter (In re DeLaughter)*, 213 B.R. 839, 841 (B.A.P. 8th Cir. 1997). The review of the imposition of sanctions under Federal Rule of Bankruptcy Procedure Rule 9011 necessarily requires an examination of the underlying factual and legal claims. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. at 405, 110 S.Ct. at 2461; *MHC Inv. Co. v. Racom Corp.*, 323 F.3d

3

at 624.  We reverse the award of sanctions only if it was based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. at 405, 110 S.Ct. at 2461;  *MHC Inv. Co. v. Racom Corp.*, 323 F.3d at 624; *DeLaughter*, 213 B.R. at 841.

## DISCUSSION

In her brief, McGehee fails to address the propriety of the Sanctions Order. Instead she chooses to focus on the following three issues: (1) the tolling effect of a timely motion to alter or amend on the finality of an order; (2) the validity of a power of attorney to pursue an appeal; and (3) judicial recusal when the judge is enmeshed in personal disputes with parties before the judge.

The tolling argument relates to the Removal Order which is the subject of a separate appeal.  Likewise, the validity of the power of attorney has nothing to do with the Sanctions Order.  McGehee may be entitled to grant Griffin a power of attorney to prosecute claims on her behalf.  However, McGehee is still the party-in-interest and the bankruptcy court has prohibited Sexton from representing McGehee in the Debtor's bankruptcy case.  The fact that Griffin is now acting under a power of attorney from McGehee does not change the fact that the real party in interest is still McGehee and the Removal Order prohibits Sexton from representing McGehee, whether directly or indirectly through the power of attorney.

Finally, the argument with respect to judicial recusal centers on a federal tort claim which Sexton filed against the bankruptcy judge.  The suit was filed on the eve of the hearing which resulted in the Sanctions Order.  McGehee fails to cite any evidence in the record which demonstrates that the judge was aware of the lawsuit at

4

the time of the hearing or that a request for recusal was made.[3] McGehee cannot raise new issues on appeal. *First Bank Investors' Trust v. Tarkio College*, 129 F.3d 471, 477 (8th Cir. 1997). Furthermore, McGehee's mere filing of a claim against the bankruptcy judge cannot be used as a pretext for requiring that judge's recusal from this case.

McGehee has failed to present any argument relevant to the Sanctions Order. To the contrary, the Sanctions Order is twenty-two pages and contains detailed findings of fact and explanations for the court's conclusion. Sexton was given ample opportunity to respond to the court's concerns regarding her representation of McGehee in this matter. The Removal Order resulted from an earlier show cause order in which the bankruptcy court had raised concerns about Sexton's actions in connection with the Debtor's case. Likewise, the Sanctions Order was entered almost three months after Sexton had been removed from representing McGehee and almost two months after the show cause order which led to its entry. The bankruptcy court did not abuse its discretion in ordering Sexton to pay $950.00 in sanctions. Consequently, the Sanctions Order should be affirmed.

### CONCLUSION

The bankruptcy court did not abuse its discretion when it imposed monetary sanctions on Sexton. Accordingly, we AFFIRM the Sanctions Order.

---

[3] McGehee claims that the complaint was served upon the Department of Justice in Washington, D.C. on November 18 and that Sexton mailed a courtesy copy of the complaint to the bankruptcy judge on November 18. This does not prove that the bankruptcy judge knew of the existence of the complaint on November 20, nor does it make the subject of a tort claim relevant to an appeal of an order awarding sanctions in a bankruptcy proceeding.