# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1402

_____

| | | |
|---|---|---|
| Gardenia Gordon, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Unifund CCR Partners, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:   September 11, 2003

Filed:   October 10, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and BYE, Circuit Judges.

_____

BEAM, Circuit Judge.

The district court imposed sanctions against Gardenia Gordon's counsel (Appellant) following the dismissal of this case.  Because Unifund did not request Rule 11 sanctions in a separate motion and did not follow the twenty-one day safe harbor rule set forth in Federal Rule of Civil Procedure 11(c)(1)(A), we hold that the district court abused its discretion in granting sanctions.

## I.    BACKGROUND

On November 27, 2000, the district court ordered Gordon to show cause why this case should not be dismissed for failure to prosecute because the docket had no record of service on Defendants. Gordon responded to the order on November 28, 2000, attaching proof of service on defendant Unifund, stating that Unifund had filed an answer, and acknowledging that Gordon had been unable to serve defendant Kort. Then, on December 11, 2000, Gordon filed a motion for default judgment based upon information that the district court docket showed no record of Unifund's answer.

Unifund filed a responsive pleading to Gordon's motion for default on December 26, 2000, arguing that it had answered, and attaching an August 21, 2000, date-stamped copy of that answer as an exhibit. In that same pleading, Unifund also sought sanctions against Appellant for filing and/or refusing to withdraw his motion for default. In support of its request, Unifund attached correspondence between the parties demonstrating that Appellant previously received a copy of Unifund's answer and thus had no basis for filing the motion for default. Unifund's answer had never appeared on the clerk's docket. Unifund later discovered that although the clerk's office received the pleading, the clerk inadvertently filed it in another case. Unifund attached copies of correspondence between it and Appellant demonstrating that Appellant was well aware of the potential "mix up," and that Unifund repeatedly asked Appellant to withdraw the motion or face sanctions.

In response, Appellant maintained that he had no other choice but to file the motion for default judgment because the file-stamped copy of Unifund's answer that he received was not proof of filing. Serving opposing counsel does not suffice as timely filing, and the district court had no record of filing. Appellant argued he was "simply playing by the rules."

The district court recognized that the clerk misfiled the answer and that Appellant had sufficient proof of such misfiling. The district court further concluded that Appellant was aware of the clerical error and had no reason to question the validity of the date-stamped answer by filing the motion for default. Because the correspondence between the parties' attorneys illustrated that Appellant engaged in dilatory tactics by filing the motion for default, the district court granted Unifund's request for sanctions. After the case was dismissed well over one year later, the court ordered Appellant to pay a monetary sanction and attorneys' fees totaling $4,700, with one-half paid to Unifund and one-half paid to Legal Aid.

## II. DISCUSSION

Pursuant to the plain language of Federal Rule of Civil Procedure 11(c)(1)(A), party-initiated motions for sanctions "shall be made separately from other motions or requests and shall describe the specific conduct." Further, the motion is to be served pursuant to federal service requirements, but not filed with or presented to the court "unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged . . . allegation . . . is not withdrawn or appropriately corrected." Id.

> The rule provides that requests for sanctions must be made as a separate motion, *i.e.*, not simply included as an additional prayer for relief contained in another motion. . . . These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, *after receiving the motion*, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.

Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendments) (emphasis added).

-3-

In this case, Appellant filed his motion for default judgment on December 11, 2000. On December 15, 2000, Unifund e-mailed Appellant, stating that if the motion for default judgment was not withdrawn, Unifund would request appropriate fees under Rule 11. Unifund made a final attempt to persuade Appellant to withdraw the motion for default judgment in a letter dated December 20, 2000, and requested Rule 11 sanctions on December 26, 2000, in its memorandum in reply to Appellant's motion for default judgment. Unifund did not, as Rule 11(c)(1)(A) requires, serve Appellant with a copy of its proposed Rule 11 motion, providing Appellant notice to withdraw the challenged motion twenty-one days prior to Unifund's filing of a motion with the court. Nor did Unifund file its motion for sanctions separately as required by Rule 11(c)(1)(A). Unifund merely requested sanctions in its responsive memorandum to the pending motion for default, which it filed on December 26, 2000, only eleven days after its initial threat of sanctions to Appellant.

We review a district court's decision to impose Rule 11 sanctions for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (noting that an abuse would be established if the court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence). Here, the district court based its ruling upon an erroneous view of the procedural requirements under Rule 11.

Unifund failed to comply with Rule 11's procedural requirements. MHC Inv. Co. v. Racom Corp., 323 F.3d 620, 623 (8th Cir. 2003) (recognizing that party-initiated motions under Rule 11 must comply with the "safe harbor" provisions); VanDanacker v. Main Motor Sales, Co., 109 F. Supp. 2d 1045, 1055 (D. Minn. 2000) (rejecting Rule 11 sanctions when defendants sent only warning letters to the non-movant's counsel). Unifund's "request" for sanctions was not made separately from other motions or requests and Unifund did not serve a prepared motion on Appellant prior to making any request to the court. As a result, Appellant was not afforded the benefit of the twenty-one day "safe harbor" provision allowing him the opportunity

to withdraw his allegedly frivolous pleading.[1] "To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the 'safe harbor' period begins to run only upon service of the motion." Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendments).

While we certainly do not wish to condone any dilatory tactics utilized by Appellant in this case, we are unable to overlook Unifund's procedural deficiencies. The district court's awarding of sanctions against Appellant in contravention of the explicit procedural requirements of Rule 11 was an abuse of discretion.

## III. CONCLUSION

Unifund's request for sanctions in this case was procedurally deficient. We reverse and vacate the order of the district court, directing that any payment made by Appellant be refunded accordingly.

_____

[1]The district court did not impose sanctions *sua sponte*. The district court clearly "granted" Unifund's motion for sanctions in its June 12, 2001, order. Further, the court did not issue an order to show cause why sanctions should not be imposed or give Appellant an opportunity to respond before the imposition of sanctions, as Federal Rule of Civil Procedure 11(c)(1)(B) would require if the court had initiated the sanctions. Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendments).