# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———————————

No. 02-6075 EA

———————————

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Curtis A. Crofford, and | * | |
| Maria E. Crofford, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Curtis A. Crofford, and | * | Appeal from the United States |
| Maria E. Crofford, | * | Bankruptcy Court for the |
| | * | Eastern District of Arkansas |
| Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| Conseco Finance Servicing Corporation, | * | |
| | * | |
| Appellee. | * | |

———————————

Submitted: October 29, 2003
Filed: December 8, 2003

———————————

Before SCHERMER, DREHER, and FEDERMAN, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

The debtors, Curtis A. Crofford and Maria E. Crofford ("Debtors"), appeal the bankruptcy court order denying the Debtors' motion to reopen their case and imposing monetary sanctions on the Debtors' counsel. We have jurisdiction over the appeal from the final order of the bankruptcy court denying the motion to reopen and imposing sanctions. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we partially affirm and partially reverse and remand.

## ISSUE

The issue on appeal is whether the court properly imposed monetary sanctions on the Debtors' counsel payable to Conseco Finance Servicing Corp. ("Creditor") pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9011. We conclude that: (1) the court failed to provide notice of its intent to impose sanctions pursuant to 11 U.S.C. § 105 and therefore could not rely on such provision for the award of sanctions; (2) the court gave proper notice authorizing an award of sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011; (3) the court properly exercised its discretion to determine that sanctions were appropriate under Rule 9011; and (4) the court's ability to award monetary sanctions was limited by Rule 9011(c)(2) to an award payable to the court and not payable to an opponent.

## BACKGROUND

On January 25, 2000, the Debtors executed two promissory notes in the principal amounts of $13,000 and $61,858.50 in favor of the Creditor. The two promissory notes were secured by real estate mortgages.

On August 20, 2000, the Debtors filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code. On December 14, 2000, the Debtors received a discharge and on January 16, 2001, the Debtors' bankruptcy case was closed.

In 2001, the Creditor filed a complaint in equity in the Circuit Court of Pulaski County, Arkansas ("State Court") seeking a reformation of the legal descriptions and foreclosure of its interest under the mortgages. Thereafter the Debtors filed a motion to reopen their bankruptcy case to address the issue of the impact of their discharge on the Creditor's claims raised in the State Court litigation. The bankruptcy court denied the motion to reopen. The Debtors filed a motion to reconsider the denial of the motion to reopen which the bankruptcy court also denied. The Debtors appealed the orders denying the motion to reopen and denying the motion to reconsider to this court which denied as untimely the appeal with respect to the order denying the motion to reopen and affirmed the order denying the motion to reconsider. *Crofford v. Conseco Finance Servicing Corp. (In re Crofford)*, 277 B.R. 109 (B.A.P. 8th Cir. 2002).[1]

On July 23, 2003, the Debtors filed another motion to reopen their bankruptcy case. In the second motion, the Debtors sought to reopen the case to file an adversary proceeding against the Creditor requesting damages for violation of the discharge injunction of 11 U.S.C. § 524 and seeking a determination regarding the dischargeability of a certain indebtedness of the Debtors to the Creditor created by the deed reformation litigation pending before the State Court. On August 16, 2002, the bankruptcy court entered its order denying the motion to reopen. The court determined that the allegations in the second motion to reopen were substantially the same as the allegations the Debtors had made in the first motion, which was the subject of the prior appeal to this court. The court raised the issue of a possible violation of Federal Rule of Bankruptcy Procedure 9011 and directed the Debtors and their counsel to show cause why they should not be sanctioned under Rule 9011(c)(1)(B) for raising legal issues that had previously been raised and decided.

---

[1] For a more detailed history of the dispute between these parties, see our prior opinion, 277 B.R. at 111-12.

On August 26, the Debtors filed a motion to alter or amend the order denying the second motion to reopen. After the Creditor filed its response to such motion and the Debtors filed their reply, the Debtors filed a motion to amend the motion to alter or amend. A hearing was held on September 18, 2002, on the motion to alter or amend, the motion to amend the motion to alter or amend, and the show cause. The Creditor orally moved for an award of attorneys' fees and costs at the hearing. The court denied the motion to alter or amend and the motion to amend the motion to alter or amend. The court ruled that it would enter sanctions and took that matter under advisement. On November 14, 2002, the court entered its order denying the motion to alter or amend judgment, denying the motion to amend the motion to alter or amend, and imposing monetary sanctions on the Debtors' counsel in the amount of $3,000 payable to the Creditor.

The Debtors appealed the November 14 order as well as the original order denying the second motion to reopen. The Debtors abandoned the appeal with respect to the denial of the motion to reopen and the reconsideration of such denial.[2] The sole issue to be decided at this juncture is the propriety of the award of sanctions.[3]

---

[2] The Creditor filed bankruptcy during the pendency of this appeal. Despite several opportunities to obtain relief from the automatic stay in the Creditor's bankruptcy proceeding, the Debtors failed to do so. The Debtors indicated in their brief that the pending appeal is limited to the issue of sanctions imposed on the Debtors' counsel. (Appellants' Brief at 3.)

[3] The Debtors' counsel rather than the Debtors is the true party-in-interest to this appeal and should have filed a separate notice of appeal. This technical deficiency does not prevent our jurisdiction over this appeal, however. *Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC*, 339 F.3d 1146, 1148-49 (9th Cir. 2003); *Laurino v. Tate*, 220 F.3d 1213, 1218 (10th Cir. 2000); *Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Associated Contractors, Inc.*, 877 F.2d 938, n.1 (11th Cir. 1989). See also *Gordon v. Unifund CCR Partners*, 345 F.3d 1028 (8th Cir. 2003)(caption for

## STANDARD OF REVIEW

An award of sanctions involves a consideration of three types of issues: factual, legal, and discretionary. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399, 110 S.Ct. 2447, 2457, 110 L.Ed. 2d 359 (1990) First, a court must consider factual questions regarding the nature of the attorney's inquiry prior to filing the pleading and the factual basis for the pleading. Next, a court must consider legal issues to determine if the pleading is warranted by existing law or a good faith argument for a change in the law and whether the attorney's conduct violated Rule 9011. Finally, if a court determines that sanctions are warranted, it must exercise discretion to ensure the sanction is appropriately tailored to the situation. *Id.*

We review the award of sanctions for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399-405, 110 S.Ct. 2447, 2457-2461, 110 L.Ed. 2d 359 (1990); *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003); *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 624 (8th Cir. 2003); *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003); *Schwartz v. Kujawa (In re Kujawa)*, 270 F.3d 578, 581-82 (8th Cir. 2001); *Grunewaldt v. Mut. Life Ins. Co. of New York (In re Coones Ranch, Inc.)*, 7 F.3d 740, 743 (8th Cir. 1993); *Ebersold v. DeLaughter (In re DeLaughter)*, 213 B.R. 839, 841 (B.A.P. 8th Cir. 1997). The review of the imposition of sanctions under Federal Rule of Bankruptcy Procedure Rule 9011 necessarily requires an examination of the underlying factual and legal claims. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. at 405, 110 S.Ct. at 2461; *MHC Inv. Co. v. Racom Corp.*, 323 F.3d at 624. We reverse the award of sanctions only if it was based on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. at 405, 110 S.Ct. at 2461; *MHC Inv. Co. v. Racom Corp.*, 323 F.3d at 624; *DeLaughter*, 213 B.R. at 841. The facts are not in dispute; however,

---

appeal of sanction award against attorney is in the name of client and not attorney).

whether the Debtors' motion was warranted by existing law or a nonfrivolous argument for extension, modification, or reversal of the law is in dispute. Accordingly, we review the award of sanctions to determine if it was based on an erroneous view of the law and to ensure that the court did not abuse its discretion in tailoring the award.

## DISCUSSION

A bankruptcy court can award sanctions pursuant to 11 U.S.C. § 105 or Federal Rule of Bankruptcy Procedure 9011. Section 105 of the Bankruptcy Code recognizes the bankruptcy court's inherent authority to issue any order that is necessary or appropriate to carry out the provisions of this title. 11 U.S.C. § 105(a). Rule 9011(c) authorizes a court to impose sanctions by motion or on its own initiative. In either event, due process requires notice and an opportunity to respond before the imposition of sanctions.

Every pleading filed by a represented party must be signed by an attorney of record. Fed. R. Bankr. P. 9011(a). By presenting a motion to the court, the signing attorney is certifying, to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the motion is not being presented for any improper purpose; the legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and the factual allegations therein have or are likely to have evidentiary support. Fed. R. Bankr. P. 9011(b).

If, after notice and a reasonable opportunity to respond, a court determines that a motion was presented for an improper purpose, was not warranted by law or a nonfrivolous argument for extension, modification, or reversal thereof or the establishment of new law, or lacks evidentiary support, the court may impose sanctions on the attorney who filed the motion. Fed. R. Bankr. P. 9011(c). A request

6

for sanctions can be initiated by motion of a party or by a show cause order issued by the court. Fed. R. Bankr. P. 9011(c)(1). Any sanction imposed must be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Fed. R. Bankr. P. 9011(c)(2). Sanctions may be monetary or non-monetary; however, where the court initiates the award of sanctions by a show cause order, monetary sanctions are limited to the award of a penalty payable to the court. Fed. R. Bankr. P. 9011(c)(2).[4] Furthermore, a court may not issue monetary sanctions on its own initiative unless the court issues a show cause order before a voluntary withdrawal or settlement of the offensive pleading. Fed. R. Civ. P. 9011(c)(2)(B).

In the instant case, the court issued its order for the Debtors and their counsel to show cause why they should not be sanctioned under Rule 9011(c)(1)(B) for filing a motion to reopen raising legal issues that had previously been raised and decided. The Debtors and their counsel were not given notice that the court would rely on any

---

[4] Federal Rule of Bankruptcy Procedure 9011(c)(2) states as follows:

Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, **or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expense incurred as a direct result of the violation**.

(Emphasis added.) Subparagraph (A) prohibits the imposition of monetary sanctions on a represented party for filing a pleading which is not warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. A represented party is entitled to rely on its attorney to determine if a pleading is warranted by existing law. Subparagraph (B) prohibits a court-initiated award of monetary sanctions if the offensive pleading is voluntarily withdrawn or settled prior to the issuance of a show cause order.

authority other than Rule 9011(c)(1)(B) for the imposition of sanctions. Given the serious nature of sanctions, due process requires specific notice of the possibility of sanctions. Here, the imposition of sanctions should be limited to the authority pursuant to which notice of the possibility of sanctions was issued. Therefore the court's award of sanctions must comply with Rule 9011, and cannot be justified by reliance on the court's inherent powers or 11 U.S.C. ¶ 105.[5] Accordingly, we review the award of sanctions under Rule 9011 only.

The Debtors and their counsel were given proper notice and an opportunity to respond to the court's concerns that they had violated Rule 9011 by attempting to re-raise a legal argument which they had already lost. In response to the show cause order, the Debtors filed the motion to alter or amend which set forth the Debtors' counsel's reliance on a certain opinion issued by the Ninth Circuit Bankruptcy Appellate Panel, *In re Menk*, 241 B.R. 896 (B.A.P. 9th Cir. 1999), for the proposition that the denial of the prior motion to reopen was not the law of the case and therefore did not predetermine the outcome of the second motion to reopen. The Debtors' counsel cited the *Menk* decision in support of its request to reconsider the decision not to reopen the case and in support of its argument that the second motion to reopen was not legally frivolous. At the hearing when given the opportunity to respond to the show cause order by supplementing prior pleadings, the Debtors' counsel replied, "Nothing further, Your Honor." (Transcript at page 4.)

In determining whether the Debtors' counsel violated Rule 9011, the court must consider whether the second motion to reopen was warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. The Debtors' counsel's personal belief in the merits of the second motion is insufficient to avoid the imposition of sanctions. Rather, an

---

[5] In its order imposing sanctions, the court noted that a bankruptcy court has inherent power to sanction persons appearing before it.

objective analysis is required to determine whether a reasonable and competent attorney would believe in the merits of the second motion. *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003).[6] Here, the Debtors' counsel had previously filed a motion to reopen which was denied by the bankruptcy court. The Debtors' counsel appealed that order to this court which affirmed the prior order. The Debtors filed the second motion again seeking the very relief which had been denied by the bankruptcy court and upheld on appeal. A reasonable attorney who had lost a motion, appealed, and lost on appeal should not expect to file the same motion again and get a different result. Otherwise orders would have no finality.

The facts had not changed between the time of the first motion to reopen and the time of the second motion to reopen. The only difference was that at the time of the second motion, the litigation pending before the State Court was farther along in the process. This is not a new or materially different fact which would warrant a different outcome for the second motion. Additionally, the Debtors' counsel was under no special time pressure, a factor which might otherwise impact the reasonableness of her pre-filing legal research; rather, the dispute with the Creditor was the same one which dated back to the original bankruptcy filing.[7]

---

[6] We note that other circuits require a higher *mens rea* standard comparable to the standard for imposing contempt where a court initiates the award of sanctions under Rule 9011. See, e.g. *Kaplan v. Daimler Chrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003); *In re Pennie & Edmonds, LLP*, 323 F.3d 86 (2nd Cir. 2003). While the Eighth Circuit Court of Appeals has recognized that the standard (i.e. claims must be warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law) is applied with particular strictness where the sanctions are imposed on the court's own motion, *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 623 (8th Cir. 2003), it applied the objective standard of a reasonable attorney to the court-initiated award of sanctions in the *Coonts* case.

[7] *See, e.g., Grunewaldt v. Mut. Life Ins. Co. of New York (In re Coones Ranch, Inc.)*, 7 F.3d 740, 743 (8th Cir. 1993), recognizing time pressure as a factor

The Debtors' counsel exhibited a lack of respect for the bankruptcy court and for this court by filing the second motion after both the trial court and this court had denied counsel's request in the first motion. Such lack of respect supports the imposition of sanctions. *Ebersold v. DeLaughter (In re DeLaughter)*, 213 B.R. 839, 844 (B.A.P. 8th Cir. 1997).

The Debtors' counsel disregarded the established law of the case when filing the second motion to reopen. The Debtors' counsel argues that the denial of a motion to reopen does not establish the law of the case nor prevent a second motion to reopen. The Debtors' counsel relies on a certain opinion issued by the Ninth Circuit Bankruptcy Appellate Panel, *In re Menk*, 241 B.R. 896 (B.A.P. 9th Cir. 1999), for this proposition. The Debtors' counsel's reliance on the *Menk* opinion is misguided. A reasonable reading of the opinion does not support the conclusion that it stands for the proposition for which it has been cited by the Debtors' counsel.[8] The *Menk* case did not involve serial motions to reopen; rather it involved a single motion to reopen which was granted and the appeal of which was ultimately determined to be moot. The Debtors' counsel's reliance on *Menk* for the proposition that an order denying a motion to reopen a bankruptcy case does not become the law of the case does not rise to the level of what a reasonable and competent attorney would believe. *Coonts v.*

---

in evaluating the reasonableness of a pre-filing inquiry.

[8] In *Menk*, a judgment creditor moved to reopen a Chapter 7 case to challenge the dischargeability of a certain debt. The debtor unsuccessfully attempted to appeal the order reopening the case. Thereafter the bankruptcy court entered judgment excepting the debt from discharge. The debtor then renewed his appeal of the order reopening his bankruptcy case but did not appeal the judgment of nondischargeability. On appeal, the Ninth Circuit Bankruptcy Appellate Panel held that the appeal was moot because reopening the bankruptcy case was not a pre-requisite to subject matter jurisdiction over a non-dischargeability proceeding and that the debtor lacked standing to appeal the order reopening the case.

*Potts*, 316 F.3d 745, 753 (8ᵗʰ Cir. 2003). Consequently, the court properly concluded that the Debtor's counsel had violated Rule 9011 and that sanctions were warranted.

Once a court determines that a violation of Rule 9011 has occurred and that an award of sanctions is warranted, the court must decide what sanctions are appropriate. In fashioning the award, the court must comply with the limitations set forth in Rule 9011. Sanctions may normally be monetary or non-monetary. Fed. R. Bankr. P. 9011(c)(2). However, monetary sanctions may be awarded following a show cause order only if the show cause order was issued before a voluntary dismissal or settlement of the claim out of which the sanctionable conduct arose. Fed. R. Bank. P. 9011(c)(2)(A). Here the second motion to reopen was never dismissed or settled. Therefore an award of monetary sanctions was appropriate.

Sanctions must be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Fed. R. Bankr. P. 9011(c)(2). The sanctions imposed – $3,000 – were appropriately limited to an amount sufficient to deter the inappropriate conduct.

Where the court initiates the award of sanctions by a show cause order, monetary sanctions are limited to the award of a penalty payable to the court. Fed. R. Bankr. P. 9011(c)(2). The court has no discretion to award monetary sanctions payable to an opponent in such circumstances. Accordingly, the bankruptcy court's award of monetary sanctions payable to the Creditor must be reversed.[9]

---

[9] We note that the Creditor asked for fees and costs at the hearing on the show cause order and the motion to alter or amend. While an award of sanctions may be payable to an opponent when sanctions are requested by the opponent, a request for sanctions by an opponent must be in writing and must comply with the safe-harbor provisions of Rule 9011(c)(1)(A). Consequently, the Creditor's oral request for fees at the show cause hearing cannot justify the award of monetary sanctions payable to the Creditor.

CONCLUSION

The bankruptcy court did not abuse its discretion in determining that the Debtors' attorney's conduct in filing the second motion to reopen warranted an award of sanctions under Rule 9011. Nor did it abuse its discretion in setting a dollar amount of sanctions which was appropriate in the circumstances. However, where the sanctions were initiated on the court's show cause order, an award of monetary sanctions was limited to a penalty payable to the court. Consequently, the order imposing monetary sanctions payable to the Creditor is reversed and remanded for a determination of appropriate sanctions under the circumstances.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT

12