# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 04-6029EA

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Curtis A. Crofford and | * | |
| Maria E. Crofford | * | |
| | * | |
| Debtors. | * | |
| | * | |
| | * | Appeal from the United States |
| Kathy A. Cruz | * | Bankruptcy Court for the Eastern |
| | * | District of Arkansas |
| Interested Party - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Conseco Finance Servicing Corp. | * | |
| | * | |
| Creditor - Appellee. | * | |

_____

Submitted: December 1, 2004
Filed: December 14, 2004

_____

Before SCHERMER, FEDERMAN, and VENTERS, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

This is an appeal of an order of the bankruptcy court[1] determining appropriate sanctions on remand.  For the reasons stated below, we affirm the bankruptcy court's order.

## I.  STANDARD OF REVIEW

The imposition of sanctions involves a consideration of three types of issues: factual, legal, and discretionary.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399, 110 S.Ct. 2447, 2457, 110 L.Ed.2d 359 (1990).  A court considers factual questions regarding the nature of the attorney's inquiry prior to filing the pleading and the factual basis for the pleading.  Next, the court considers legal issues to determine if the pleading is warranted by existing law or a good faith argument for a change in the law and whether the attorney's conduct violated Fed. R. Bankr. P. 9011.  Finally, if the court determines that sanctions are warranted, it exercises discretion to ensure the sanction is appropriately tailored to the situation. *Id*.

Neither the facts nor the law underlying the bankruptcy court's determination of whether sanctions are appropriate is in dispute.  Therefore, we review the award of sanctions here for an abuse of discretion.  *Cooter & Gell*, 496 U.S. at 399; *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003).

## II.  BACKGROUND

This is the second appeal of sanctions imposed against Kathy A. Cruz ("Cruz"), counsel for the Debtors, Curtis A. Crofford and Maria E. Crofford ("Debtors").  The issue in the first appeal was whether the court properly imposed monetary sanctions on Cruz payable to Conseco Finance Servicing Corp. ("Conseco") pursuant to 11

---

[1] The Honorable Audrey R. Evans, United States Bankruptcy Court for the Eastern District of Arkansas.

U.S.C. § 105 and Rule 9011.[2] *Crofford v. Conseco (In re Crofford)*, 301 B.R. 880 (B.A.P. 8th Cir. 2003) ("*Crofford*").[3] The Panel concluded that the court: (1) gave proper notice authorizing an award of sanctions pursuant to Rule 9011(c)(1)(B); (2) properly exercised its discretion determining that sanctions were appropriate under Rule 9011; and (3) properly exercised its discretion in setting an appropriate dollar amount ($3,000) as the sanction. *Id*. at 882. However, the Panel also determined that: (1) the court failed to provide notice of its intent to impose sanctions pursuant to 11 U.S.C. § 105 and therefore could not rely on such provision for the award of sanctions; and (2) the court's ability to award monetary sanctions was limited by Rule 9011(c)(2) to an award payable to the court. *Id*. Accordingly, the Panel partially affirmed and partially reversed and remanded the court's order. The mandate on remand was to determine the appropriate sanctions under the circumstances. *Crofford* was issued on December 8, 2003.

On January 12, 2004, Conseco filed a motion requesting a hearing to determine the appropriate sanctions and to clarify the basis upon which sanctions were being considered. In lieu of a formal response, Cruz's counsel emailed to the court a letter arguing that the decision of the Eighth Circuit Court of appeals, *Norsyn, Inc. v. Desai*, 351 F.3d 825 (8th Cir. 2003) ("*Norsyn*"), issued shortly after *Crofford* was decided, precluded the award of sanctions under the circumstances and that no further hearing was necessary. On April 13, 2004, at the hearing requested by Conseco, Cruz's counsel reiterated that no further hearing was necessary. He did not make any argument regarding procedural due process. At the conclusion of the hearing, the court took Conseco's motion under advisement.

---

[2] The bankruptcy court's original order imposing sanctions was entered on November 14, 2002.

[3] *See Crofford* for a detailed discussion of the conduct warranting the imposition of sanctions against Cruz. *Id*. at 882-83.

On April 21, 2004, the court entered an order denying Conseco's motion for hearing and for clarification, determining that the sanctions previously imposed on Cruz and payable to Conseco should be modified to be payable to the court, and ordering Conseco to disgorge to the Court the $3,000 Cruz had already paid. The court also determined that *Norsyn* did not dictate a different result.

## III.  DISCUSSION

Cruz makes two equally frivolous arguments in this appeal. Cruz argues (1) that her procedural due process rights were violated and (2) that the court erred by not finding that *Norsyn* dictated a different result. Both of these arguments are without merit.

### A.  Cruz was not denied due process.

Cruz's due process argument is (apparently) that *Crofford* caused the court's original notice to show cause why sanctions should not be imposed under Rule 9011(c)(1)(B) to be "abandoned" because *Crofford* reversed the court's award of sanctions payable to Conseco, and, therefore, Cruz argues, she did not have adequate notice of the sanctions being considered by the court on remand. Cruz points to Conseco's motion requesting a hearing and clarification of the basis on which sanctions were being considered as proof that there was insufficient notice of the sanctions under consideration by the court.

Cruz's argument here misconstrues the content and effect of the Panel's decision in *Crofford*. *Crofford*'s reversal and remand of the court did not affect the court's determination that a sanction was warranted and appropriate. Moreover, *Crofford* specifically held that Cruz received sufficient notice that sanctions under Rule 9011(c)(1)(B) were being considered against her. In fact, it was *Crofford*'s specific finding that Cruz only received notice of sanctions under Rule 9011(c)(1)(B) that invalidated the imposition of sanctions payable to Conseco. To be payable to

4

Conseco, the sanctions would have to be predicated on Rule 9011(c)(1)(A). Fed. R. Bankr. P. 9011(c)(2).[4] On remand, the court simply corrected its error by making the sanction award comport with the notice given. In other words, Cruz originally had notice (upheld on appeal) that sanctions under Rule 9011(c)(1)(B) were being considered against her and, ultimately, those were the sanctions imposed. In addition to the clarity of *Crofford*'s holding, mandate, and the subsequent order of the court, Cruz's suggestion that she did not have notice is belied by her admission(s) that no hearing was necessary and by her failure to raise due process concerns at the bankruptcy court's April 13, 2004 hearing.

**B.** **The result reached by *Crofford* and the bankruptcy court is consistent with *Norsyn*.**

Cruz's second argument – that the court erred in not ruling that *Norsyn* dictated the vacation of sanctions – misinterprets the holding in *Norsyn*.[5] *Norsyn* did not hold, as Cruz suggests, that sanctions have to be vacated in their entirety when a trial court improperly awards attorney's fees to an aggrieved party where the court, not the aggrieved party, initiated the imposition of sanctions.[6] *Norsyn* simply held that under Rule 9011 a court may not award sanctions payable to another party on the court's

---

[4] Only sanctions initiated by motion of an aggrieved party may be payable to the movant; sanctions imposed on a court's initiative must be paid to the Court. Fed. R. Bank. P. 9011(c)(2).

[5] Cruz actually couches this argument in terms of the bankruptcy court's alleged error in not ruling that *Norsyn* is "controlling." But the bankruptcy court did not hold that *Norsyn* did not control the outcome; to the contrary, the bankruptcy court determined that its holding was consistent with *Norsyn*.

[6] Although the court in *Norsyn* vacated the award of sanctions in that case, we do not read *Norsyn* as requiring the vacation of the bankruptcy court's order imposing sanctions on Cruz. *Norsyn* did not contain a specific ruling requiring that vacation was necessary; it was only the court's choice of disposing of the lower court's judgment.

own motion. *Norsyn*, 351 F.3d at 831. And that is exactly what *Crofford* held;[7] thus, the reversal and remand of the court's order imposing sanctions against Cruz payable to Conseco. *Crofford*, however, also ruled that the sanctions imposed would have been appropriate if the bankruptcy court had ordered them to be paid to the court, whereas *Norsyn* did not comment on the appropriateness of the sanctions. *Crofford*, 301 B.R. at 886-87; *Norsyn*, 351 F.3d at 831. Because the bankruptcy court's order modified the sanctions to be payable to the court, it is consistent with *Crofford* and *Norsyn*.

## IV. CONCLUSION

For the reasons stated above, we affirm the order of the bankruptcy court imposing $3,000 sanctions on Kathy A. Cruz, payable to the court.

---

[7] *Crofford*, 301 B.R. at 887.