

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                                ) BAP No.   NC-15-1383-KiTaJu
                                      )
ROSARIO M. CARRERA,                   ) Bk. No.   3:15-bk-30689
                                      )
              Debtor.                 )
_____)
                                      )
In re:                                ) BAP No.   NC-15-1384-KiTaJu
                                      )
TRISHA AINNE VIZCONDE,                ) Bk. No    3:15-bk-30741
                                      )
              Debtor.                 )
_____)
                                      )
TIMOTHY L. MCCANDLESS,                )
                                      )
              Appellant,              )
                                      )
v.                                    ) **M E M O R A N D U M**[1]
                                      )
UNITED STATES TRUSTEE; DAVID          )
BURCHARD, Chapter 13 trustee,         )
                                      )
              Appellee.               )
_____)

Argued and Submitted on July 28, 2016,
at San Francisco, California

Filed - August 16, 2016

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

Appearances:    Appellant Timothy L. McCandless argued pro se;
                Lilian Guan Tsang, Staff Attorney, argued for
                Appellee David Burchard, Chapter 13 Trustee.

---

[1]   This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have, it has no precedential value. <u>See</u> 9th Cir. BAP Rule 8024-1.

Before: KIRSCHER, TAYLOR and JURY, Bankruptcy Judges.

Attorney Timothy Lee McCandless appeals two orders sanctioning him $2,000 each for his involvement in what the bankruptcy court determined were bad faith chapter 13[2] filings by his clients.[3] We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.   The Carrera case - appeal no. 15-1383**

Debtor Rosario M. Carrera filed a skeletal chapter 13 bankruptcy case on May 28, 2015. McCandless represented Carrera. Carrera disclosed no prior bankruptcies in the petition. She listed one creditor — HSBC Bank USA, NA. In the attached Exhibit D, Carrera sought a waiver of the required prepetition credit counseling, claiming that exigent circumstances — a pending civil case — prevented Carrera from completing the counseling prior to filing. McCandless did not file a Rule 2016(b) statement disclosing his compensation. Carrera never filed any schedules but listed a street address at a property located on Marlin Avenue in San Mateo, California. Prior to the instant bankruptcy filing, McCandless had represented Carrera in 2012 in a civil suit against HSBC Bank and other lenders based on their alleged misconduct in financing for the Marlin Avenue property and wrongful foreclosure.

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[3] McCandless claims the court imposed sanctions against him and his clients jointly and severally, so therefore he and his respective client are the appellants in each case. He is incorrect. The court entered monetary sanctions against McCandless only. Therefore, he is the only appellant in each case.

-2-

On May 29, 2015, the bankruptcy court issued a notice of Carrera's prior bankruptcy filings, indicating that Carrera had filed four cases since 2010.

On June 9, 2015, chapter 13 trustee David Burchard filed a motion for order requiring Carrera or McCandless to appear and to show cause why the case should not be dismissed with prejudice with a two-year refiling bar. Trustee asserted the instant case had been filed in bad faith; it was the fifth bankruptcy case Carrera had filed since May 2010. Carrera's four prior cases, all pro se, were dismissed for failure to file schedules, a chapter 13 plan and other required documents. In the fourth case the Honorable Stephen L. Johnson found that it had been filed in bad faith and dismissed it with prejudice with a two-year refiling bar. Trustee argued that based on Carrera's history of serial, skeletal filings with nothing more, her intent was not to reorganize and receive a discharge but rather to frustrate creditors by improperly invoking the automatic stay. A hearing for Trustee's show cause motion was set for July 15, 2015. Notice was sent to McCandless and Carrera.

On July 8, 2015, the bankruptcy court held a hearing on Wells Fargo's motion for relief from stay respecting the Marlin Avenue property. Neither Carrera nor McCandless appeared or filed any opposition to the motion. As a result, the court granted relief.

Carrera's first meeting of creditors was scheduled for July 9, 2015. According to Trustee, neither Carrera nor McCandless appeared, and neither of them appeared at the continued meeting on July 30, 2015. McCandless contended he "had somebody appear" for Carrera. The bankruptcy court ultimately found

-3-

otherwise.

The hearing on Trustee's show cause motion went forward on July 15. Neither Carrera nor McCandless appeared or filed any papers responsive to the motion. As a result, Trustee's motion was granted. Following the hearing, the bankruptcy court issued an Order to Show Cause ("First OSC"), requiring Carrera and McCandless to appear on August 19, 2015, and to file and serve a written response at least 7 days prior to the hearing. The First OSC stated that Carrera's pattern of filing cases without prosecuting them appeared to be an abuse of the bankruptcy system and warranted dismissal and a bar to refiling. The First OSC warned that failure to appear and/or file a timely response could result in dismissal with a two-year refiling bar.

Carrera and McCandless failed to appear at the August 19 First OSC hearing and did not file a written response. As a result, the bankruptcy court dismissed Carrera's case with a two-year refiling bar and, on August 20, 2015, issued an Order to Show Cause re Sanctions ("Second OSC"). The Second OSC, directed only at McCandless, ordered that he "appear and show cause as to why he should not be sanctioned for his failure to comply with the [First OSC], and for his apparent facilitation of or involvement in [Carrera's] scheme to manipulate the bankruptcy process." The bankruptcy court ordered McCandless to appear on October 21, 2015, and to file a written response on or before October 14, 2015.

McCandless filed a late response to the Second OSC on October 15, 2015. He explained that Carrera filed the instant chapter 13 petition to stop the lender from proceeding with its pending unlawful detainer action, to allow her to reorganize her

-4-

debts, to give her time to file an appeal and to help reach an agreement with the lender as to the Marlin Avenue property. McCandless explained that once Wells Fargo obtained relief from the automatic stay, Carrera was unable to proceed with the bankruptcy case and had to seek an alternate means to reach an agreement with Wells Fargo.

McCandless appeared at the Second OSC hearing on October 21. McCandless stated that when he filed Carrera's case he was not aware of her prior bankruptcy filings, even though he had asked her whether she had filed any. McCandless conceded the case was filed to prevent losing the Marlin Avenue property but noted that Carrera ultimately lost the property after negotiations failed and the lender was granted relief from stay. When asked why he failed to appear at the hearing on the First OSC, McCandless explained that because he had been caring for his mother who had suffered a stroke, "some things might have fallen through the cracks."

The bankruptcy court then noted McCandless's failure to appear for the First OSC and that it had dismissed Carrera's case for abuse. It then made the following findings to sanction McCandless:

> This Debtor had four prior cases, all of which were dismissed for lack of prosecution, and this case appears to be more of the same. It is clear to me that it was filed just to buy time to cut a deal. That's not a proper purpose for filing a bankruptcy case.

> You failed to comply with [the First OSC] by failing to file and serve a timely response and by failing, without any explanation until today, whatsoever, to appear as ordered. There was no appearance at a 341 meeting, either the initial or continued 341 meeting. Not all the required documents were filed, and so I can only find and conclude that you participated in and facilitated the filing of a case that constituted an abuse of the bankruptcy process, and that you did so wilfully. In my

-5-

> opinion, that justifies sanctions, so I will sanction you in the amount of $2,000 payable within 30 days. I will also refer this case to the United States Trustee for investigation. I will enter an order to that effect.

Hr'g Tr. (Oct. 21, 2015) at 6:18-7:10.

In its "Order Sanctioning Debtor's Counsel" entered on October 22, 2015 ("Carrera Sanctions Order"), the bankruptcy court found: (1) that McCandless had conceded the case was filed to delay a foreclosure and buy time to induce the lender into resolving a dispute outside of bankruptcy; (2) that he had failed to explain adequately how Carrera's case was filed with any attempt at reorganization; and (3) that he failed to explain adequately why he did not comply with the First OSC. McCandless was sanctioned $2,000 payable to the court because he "knowingly and wilfully participated in and facilitated the abuse and bad faith manipulation of the bankruptcy process."

McCandless timely appealed the Carrera Sanctions Order.

**B.    The Vizconde case - appeal no. 15-1384**

Debtor Trisha Ainne Vizconde filed a skeletal chapter 13 bankruptcy case on June 5, 2015. McCandless represented Vizconde. Vizconde listed no prior bankruptcies in the petition. She listed only one creditor — 21st Mortgage. In the attached Exhibit D, Vizconde sought a waiver of the required prepetition credit counseling, claiming that exigent circumstances — a pending foreclosure sale — prevented Vizconde from completing the counseling prior to filing. McCandless did not file a Rule 2016(b) statement disclosing his compensation. Vizconde never filed any schedules, but listed a street address at a property located on Hacienda Street in San Mateo, California.

-6-

Prior to the instant bankruptcy filing, McCandless had represented a woman named Regina B. Manantan (whose identity will become more important later on) in a civil suit against 21st Mortgage and other lenders for their alleged misconduct respecting financing for the Hacienda Street property.

On June 8, 2015, the bankruptcy court issued a notice of Vizconde's prior bankruptcy filings, indicating that she had filed two cases since 2011.

On June 19, 2015, Trustee moved to dismiss Vizconde's case under § 1307(c) with a two-year refiling bar. Trustee asserted the instant case had been filed in bad faith; it was the third bankruptcy case Vizconde had filed since 2011. Vizconde's two prior cases, filed pro se, were both dismissed for failure to file schedules, a chapter 13 plan and other required documents. It also appeared that Vizconde was engaged in a series of "tag-team" bankruptcy filings with two other individuals — Regina B. Manantan and Patrick C. Vizconde. Between Vizconde, Manantan and Patrick, they had filed 13 bankruptcy cases within the last five years, all skeletal filings, with no confirmed plan or discharge. Each individual had claimed an ownership interest in at least one of three properties, including the Hacienda Street property. Trustee argued that the long history of bankruptcy filings and dismissals showed these three individuals were filing petitions in bad faith and only to thwart creditors or a pending foreclosure regarding the three properties. Thus, argued Trustee, Vizconde's intent was not to reorganize and receive a discharge, but rather to engage in a fraudulent scheme of improperly invoking the automatic stay.

Coincidentally, McCandless had represented Manantan and

-7-

Patrick in their more recent chapter 13 cases. In Patrick's most recent case filed in January 2015, his fourth case filed since 2011, McCandless was ordered to disgorge his fees upon Trustee's motion for review of attorney's fees. McCandless also represented Patrick in the case prior to that one filed in November 2014, which was dismissed for failure to file the required documents. Trustee stated that it was unclear as to the extent of McCandless's involvement with these individuals and their scheme of fraudulent filings. A hearing was set for August 19, 2015, the same day as the First OSC hearing in the Carrera case.

On July 16, 2015, the bankruptcy court held a hearing on 21st Mortgage's motion for relief from stay. Neither Vizconde nor McCandless appeared or filed any opposition to the motion. As a result, the court granted 21st Mortgage relief from stay.

Vizconde's first meeting of creditors was scheduled for July 24, 2015. Neither Vizconde nor McCandless appeared.

The hearing on Trustee's dismissal motion went forward on August 19. Neither Vizconde nor McCandless appeared or filed any responsive papers to the motion. As a result, Trustee's motion was granted and Vizconde's case was dismissed on August 21, 2015. That same day, the bankruptcy court issued an Order to Show Cause re Sanctions ("Vizconde OSC") ordering McCandless to appear on October 21, 2015 — the same day as the Second OSC hearing in the Carrera case — and to file and serve a written response by no later than October 14, 2015. McCandless was to appear and show cause why he should not be sanctioned for his facilitation of or involvement in Vizconde's scheme to manipulate the bankruptcy process.

-8-

McCandless filed a late response to the Vizconde OSC on October 15, 2015. He explained that Vizconde filed the instant chapter 13 petition to stop a foreclosure sale scheduled for that day. McCandless explained he and his client were in negotiations with 21st Mortgage prior to the filing, but were unable to obtain a postponement of the sale. Ultimately, Vizconde retained the property. As for Manantan's and Patrick's bankruptcy cases, McCandless explained that Patrick's third case was dismissed due to Patrick's inability to provide McCandless with his current income tax return; his fourth and most recent case was dismissed for similar reasons. Manantan had filed her most recent case to protect her interest in the Hacienda Street property. McCandless explained that due to Manantan's interest in multiple properties and the pending civil suit against 21st Mortgage, she was unable to continue with her bankruptcy case. McCandless noted that besides these most recent cases, he was not involved in any of these parties' other bankruptcy cases. He contended that the cases he filed were in good faith in an attempt to allow them to retain their property and reorganize their debts.

McCandless appeared at the Vizconde OSC hearing on October 21. After noting that Vizconde's case was dismissed in August without opposition as part of a scheme to evade creditors involving three properties and a total of three debtors, the bankruptcy court asked McCandless what he had to say for himself. McCandless explained that Vizconde's case was filed because the lender was not accepting the loan modification it had originally offered, which is why the civil suit was filed. Ultimately, they settled that suit, explained McCandless, and Vizconde was able to

-9-

tender $58,000 to the lender and get the modification. Upon that, the following colloquy ensued:

> THE COURT: So again, you filed this case just to buy some time so you could cut a deal outside of here, right?
>
> MR. MCCANDLESS: No. No — I
>
> THE COURT: Really? Because — where are the schedules? Where is the Plan? Where is the 341 appearance? Nothing happened. You got the benefit of this court's shelter, and your clients didn't lift a finger to fulfill their obligations as debtors.
>
> MR. MCCANDLESS: They tendered $58,000 to the lender in order to reinstate their debt.
>
> THE COURT: You could have done that without my involvement.
>
> MR. MCCANDLESS: No. The foreclosure was set. They would have lost their property. There would have been no ability to reinstate the loan.

Hr'g Tr. (Oct. 21, 2015) at 4:11-22. In answering the court's question as to why nothing was filed in this case or why no appearances were made at the § 341(a) meetings, McCandless explained that without the bankruptcy stay, the lender would not have accepted the $58,000 tender. Id. at 5:9-14.

After hearing further from McCandless and noting that Vizconde's case had been dismissed as part of a scheme of abuse, the bankruptcy court sanctioned McCandless $2,000, making the following findings:

> THE COURT: I find and conclude that Mr. McCandless wilfully facilitated that scheme by helping the Debtor and others file cases that they had no intent of prosecuting in good faith.
>
> In this case, Mr. McCandless concedes that he filed it for the sole purpose of obtaining the benefit of the automatic stay, to obtain the benefit of shelter in this court without fulfilling any of the Debtor's concurrent obligations.

-10-

> There were no schedules filed, no Statement of Financial Affairs filed or other required documents filed. There was no opposition to a relief from stay motion which also supports the conclusion that this was a frivolous filing rather than a good faith effort to reorganize.
>
> There was also no appearance at a 341 meeting as required by the Bankruptcy Code. This kind of wilful participation in a scheme to abuse and manipulate the bankruptcy process justifies a sanction of $2,000 payable within 30 days and a referral to the United States Trustee for investigation.

Id. at 6:11-7:5.

The bankruptcy court entered an "Order Sanctioning Debtor's Counsel" on October 22, 2015 ("Vizconde Sanctions Order"). In addition to the findings announced on the record, the court found that because McCandless (1) had conceded the case was filed to delay a foreclosure and buy time to induce the lender into resolving a dispute outside of bankruptcy, and (2) had acknowledged the case was not filed with any intent to attempt a reorganization, McCandless had "knowingly and willfully participated in and facilitated the abuse and bad faith manipulation of the bankruptcy process."

McCandless timely appealed the Vizconde Sanctions Order.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court abuse its discretion in imposing sanctions against McCandless?

2. Did the bankruptcy court violate McCandless's due process rights?

/ / /

-11-

## IV. STANDARDS OF REVIEW

The bankruptcy court's imposition of sanctions under Rule 9011 is reviewed for an abuse of discretion. <u>Fjeldsted v. Lien (In re Fjeldsted)</u>, 293 B.R. 12, 18 (9th Cir. BAP 2003) (citing <u>Miller v. Cardinale (In re DeVille)</u>, 280 B.R. 483, 492 (9th Cir. BAP 2002)). <u>See also</u> <u>Simpson v. Lear Astronics Corp.</u>, 77 F.3d 1170, 1177 (9th Cir. 1996) (in reviewing sanctions imposed under Rule 11, we "review findings of historical fact under the clearly erroneous standard, the determination that counsel violated the rule under a de novo standard, and the choice of sanction under an abuse of discretion standard."). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are clearly erroneous. <u>TrafficSchool.com, Inc. v. Edriver Inc.</u>, 653 F.3d 820, 832 (9th Cir. 2011). The bankruptcy court has broad fact-finding powers with respect to sanctions, and its findings warrant great deference. <u>See</u> <u>Primus Auto Fin. Serv., Inc. v. Batarse</u>, 115 F.3d 644, 649 (9th Cir. 1997).

Whether a sanction comported with due process is a question of law we review de novo. <u>In re Fjeldsted</u>, 293 B.R. at 18 (citing <u>In re DeVille</u>, 280 B.R. at 492).

We may affirm on any ground supported by the record, regardless of whether the bankruptcy court relied upon, rejected or even considered that ground. <u>Fresno Motors, LLC v Mercedes Benz USA, LLC</u>, 771 F.3d 1119, 1125 (9th Cir. 2014).

/ / /

/ / /

/ / /

-12-

## V. DISCUSSION

**The bankruptcy court was authorized to impose the $2,000 sanctions under Rule 9011.**

McCandless contends the sanctions imposed in both cases were punitive or criminal in nature and therefore not permitted under the bankruptcy court's inherent authority. Trustee argues that the sanctions were not criminal in nature because lawyer disciplinary proceedings are not a criminal proceeding; they are neither civil nor criminal, but an investigation into the conduct of the lawyer. See Canatella v. Cal., 404 F.3d 1106, 1110 (9th Cir. 2005); Price v. Lehtinen (In re Lehtinen), 332 B.R. 404, 412-13 (9th Cir. BAP 2005), aff'd, 322 F.3d 178 (9th Cir. 2009). While Trustee is correct as to the law, he is incorrect as to the facts. Nothing in the record suggests the proceedings here were in the nature of a professional disciplinary proceeding. Suspension, disbarment, or even the Rules of Professional Conduct were never mentioned or discussed by the bankruptcy court. The court never alleged that McCandless was incompetent or irresponsibly represented his clients. See Hale v. U.S. Trustee, 509 F.3d 1139, 1148-49 (9th Cir. 2007).

Unfortunately, the bankruptcy court did not cite which authority it relied upon for imposing sanctions against McCandless in either case. Nonetheless, we conclude that the record supports its decision to sanction McCandless under Rule 9011.

Rule 9011 is the counterpart to Civil Rule 11. Case law interpreting Civil Rule 11 is applicable to Rule 9011. Shalaby v. Mansdorf (In re Nakhuda), 544 B.R. 886, 899 (9th Cir. BAP 2016) (citing Marsch v. Marsch (In re Marsch), 36 F.3d 825, 829 (9th

-13-

Cir. 1994)).

By presenting a petition (or pleading, written motion, or other paper) to the court, the signing attorney is certifying, to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the petition is not being presented for any improper purpose; the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and the factual allegations have or are likely to have evidentiary support. Rule 9011(b); Crofford v. Conseco Fin. Serv. Corp. (In re Crofford), 301 B.R. 880, 884 (8th Cir. BAP 2003). Rule 9011(b) "provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Simpson, 77 F.3d at 1177 (citing Warren v. Guelker, 29 F.3d 1386, 1388 (9th Cir. 1994)).

The court can award an appropriate sanction on its own initiative under Rule 9011 if it first issues an order to show cause describing the specific misconduct. Rule 9011(c)(1)(B). If the court determines that a petition was presented for an improper purpose or is frivolous, the court may impose sanctions on the attorney who filed the petition. Rule 9011(c). Sanctions may be monetary or non-monetary; however, where the court initiates the award of sanctions by a show cause order, monetary sanctions are limited to the award of a penalty payable to the court. Rule 9011(c)(2): In re DeVille, 280 B.R. at 494; In re Crofford, 301 B.R. at 885. The sanction of $2,000 assessed in each case

-14-

here was payable to the court.

McCandless contends that if the bankruptcy court assessed sanctions under Rule 9011, the sanctions could only be imposed if the court implemented procedures comporting with those required for a criminal contempt proceeding. Relying on Mackler Products, Inc. v. Cohen, 146 F.3d 126 (2d. Cir. 1998), McCandless contends he was entitled to a jury trial with the right to cross-examine witnesses and a burden of proof beyond a reasonable doubt. The Ninth Circuit Court of Appeals expressly rejected this same argument in Miller v. Cardinale (In re DeVille), holding that penalties under Rule 9011 do not require a criminal contempt proceeding. 361 F.3d 539, 551-53 (9th Cir. 2004). See also In re Nakhuda, 544 B.R. at 899 (when assessing sanctions sua sponte the court is required only to provide notice and an opportunity to be heard).

Thus, procedurally, all that Rule 9011(c) requires is "notice and a reasonable opportunity to respond." That was done in this case. Although the Second OSC (in Carrera) and the Vizconde OSC did not specifically reference Rule 9011, the bankruptcy court described the offending conduct and informed McCandless that he was subject to sanctions for that alleged misconduct. Precisely, in the Second OSC, the court noted that Carrera's latest bankruptcy case had been dismissed for abuse. McCandless was ordered to appear and show cause why he should not be sanctioned "for his apparent facilitation of or involvement in Debtor's scheme to manipulate the bankruptcy process." In the Vizconde OSC, the bankruptcy court noted that Vizconde was involved with two other debtors who together had filed 13 bankruptcy cases

-15-

within the last five years, all of which were skeletal filings, involved at least one of the same three properties, and resulted in dismissal without discharge. McCandless was counsel of record for each of the debtor's most recent filing. The court ordered that McCandless appear and show cause why he should not be sanctioned "for his facilitation of or involvement in Debtor's scheme to manipulate the bankruptcy process."

Each of the show cause orders explained the factual bases for why McCandless was subject to sanctions. He was given nearly two months to prepare a defense and file his response in both cases. The bankruptcy court also held a hearing in both cases and gave McCandless the opportunity to be heard. Accordingly, McCandless received sufficient due process.

In some cases involving Rule 9011 sanctions, McCandless would be entitled to a heightened standard of conduct in order for the court to impose sanctions under Rule 9011. We recently held that when the bankruptcy court assesses sanctions on its own initiative under Rule 9011(c)(1)(B), the court must a apply a higher standard "akin to contempt" than in a case of party-initiated sanctions. In re Nakhuda, 544 B.R. at 899 (citing United Nat'l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1115-16 (9th Cir. 2001)). In other words, the offender's transgressions must exceed those for party-initiated sanctions. Id. at 901. "The reason behind the heightened standard is because, unlike party-initiated motions, court-initiated sanctions under Rule 9011(c)(1)(B) do not involve the 21-day safe harbor provision for the offending party to correct or withdraw the challenged

submission."[4]  Id. at 899 (citing R & D Latex Corp., 242 F.3d at 1116) (citing Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998)).  Thus, in a case where the safe harbor otherwise would give McCandless an opportunity to withdraw or correct a document, the court must find:  (1) that the offender acted in bad faith, acted for an improper purpose or acted knowingly or intentionally; or (2) that the conduct was particularly egregious.  Id. at 901-02.

Here, however, McCandless was not entitled to any safe harbor because his Rule 9011(b) violation arose in the petition itself. See Rule 9011(c)(1)(A) (stating that the 21-day safe harbor does not apply "if the conduct alleged is the filing of a petition in violation of subdivision (b))."  Arguably, the heightened standard of Nakhuda and R & D Latex Corp. is not applicable.  We need not decide the issue, however, because the court made findings meeting the heightened standard.

At the hearing on the Second OSC, the bankruptcy court noted that:  (1) McCandless had failed to disclose Carrera's prior bankruptcy cases before filing the petition; (2) he had failed to respond to the motion for relief from stay; (3) he had failed to appear at the § 341(a) meetings; (4) he had failed to respond to the First OSC; (5) none of the required documents were filed;

---

[4]  On the other hand, the heightened standard of conduct may not apply in this case.  The Rule 9011 "safe harbor" exception does not apply when, as in this case, the violation involves the petition, since the filing of the petition has immediate serious consequences to creditors, including the imposition of the automatic stay.  Rule 9011(c)(1)(A).  Nonetheless, even if the heightened standard applied, the bankruptcy court made the necessary findings to support its ruling to impose sanctions in both cases.

-17-

(6) all four of Carrera's prior cases were dismissed for lack of prosecution; and (7) the latest case had been dismissed for abuse, which McCandless failed to challenge. Based on these facts, and its finding that the latest case was filed "just to buy time to cut a deal," which the court noted was "not a proper purpose for filing a bankruptcy case," the court found that McCandless "participated in and facilitated the filing of a case that constituted an abuse of the bankruptcy process" and that he did so "wilfully." In the Carrera Sanctions Order, the court additionally found McCandless "knowingly and wilfully participated in and facilitated the abuse and bad faith manipulation of the bankruptcy process." These findings support the court's decision to impose sanctions against McCandless under Rule 9011 in the Carrera case even under the heightened Nakhuda standard; we do not discern any clear error.[5]

At the hearing on the Vizconde OSC, the bankruptcy court noted the case had been dismissed, without opposition, as part of a scheme to evade creditors involving three properties and a total of three debtors, all of whom McCandless represented. The court noted that Vizconde's two prior cases had been dismissed for failure to file the required documents, which indicated no intent to reorganize. Just as in Carrera, none of the required documents had been filed, no plan had been filed, no one opposed relief from stay, and no one appeared at the § 341(a) meeting. Based on these

---

[5] To the extent McCandless contends the bankruptcy court utilized an incorrect test to determine whether Carrera's or Vizconde's cases were filed in bad faith, he is precluded from making such an argument. McCandless and his clients were given an opportunity to challenge the dismissals and failed to do so. They also never appealed the dismissal orders.

-18-

facts and the court's finding that Vizconde's latest case was filed for the sole purpose of invoking the automatic stay, the court found that McCandless "wilfully facilitated [the scheme to evade creditors] by helping [Vizconde, Manantan and Patrick] file cases that they had no intent of prosecuting in good faith." In addition, the court found that McCandless's failure to challenge the motion for relief from stay further supported the court's conclusion that this was a "frivolous filing rather than a good faith effort to reorganize." Again, these findings support the court's decision to impose sanctions against McCandless under Rule 9011 in the Vizconde case.

Once a court determines that a Rule 9011 violation has occurred and that sanctions are warranted, the court must decide what sanctions are appropriate. In doing so, the court must comply with the limitations set forth in Rule 9011. In re Crofford, 301 B.R. at 887. Monetary sanctions may be awarded following a show cause order only if that order was issued before a voluntary dismissal or settlement of the claim out of which the sanctionable conduct arose. Rule 9011(c)(2)(B); In re Crofford, 301 B.R. at 887. Neither of the cases here were "voluntarily" dismissed or settled before the show cause orders were issued.

Rule 9011(c)(2) provides that the bankruptcy court may impose a "penalty" that is "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Rule 9011(c)(2); In re Fjeldsted, 293 B.R. at 28; In re DeVille, 280 B.R. at 498. Civil in nature, the Rule 9011(c)(2) penalty parallels the court's civil contempt and

-19-

inherent sanctions authority. In re Fjeldsted, 293 B.R. at 28. However, the "deterrence penalty" under Rule 9011(c)(2) has limitations. The court may not impose a penalty "that is a 'serious penalty' in the nature of criminal contempt; only an amount necessary to deter the misconduct may be awarded." Id.

We conclude that the $2,000 deterrence penalty assessed in each case made payable to the court was an appropriate sanction under the circumstances and not a "serious penalty."

## VI. CONCLUSION

Although the bankruptcy court did not cite the authority upon which it relied to assess sanctions against McCandless, the record supports each assessment under Rule 9011. Because we are able to affirm on any basis supported by the record, Fresno Motors, LLC, 771 F.3d at 1125, we therefore AFFIRM the Carrera Sanctions Order and the Vizconde Sanctions Order.