**Edwin W. LANCASTER, Plaintiff,**

v.

**Elodie C. ZUFLE, Defendant.**

**No. 95 Civ. 3932 (JSR).**

United States District Court,
S.D. New York.

Nov. 26, 1996.

Anderson, Banks, Curran & Donoghue, by Maurice Curran, Mt. Kisco, NY, for Plaintiff.

Law Offices of Henry Klein by Henry Klein, New Orleans, LA, for Defendant.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

On July 29, 1996 the Court granted defendant's motion for summary judgment and dismissed the action herein, finding this to be "a classic case for summary judgment." *Lancaster v. Zufle,* 932 F.Supp. 109, 113 (S.D.N.Y.1996). On October 18, 1996, defendant filed a motion under Rule 11 of the Federal Rules of Civil Procedure seeking sanctions against plaintiff in the amount of $17,500 to cover expenses in defending the instant litigation. In her moving papers, defendant concedes that she failed to formally comply with the "safe harbor" provisions of Rule 11, as amended in 1993, which require that a party serve its adversary with a Rule 11 motion sufficiently far in advance of filing it with the Court that the adversary will have at least 21 days to avoid sanctions by withdrawing or appropriately correcting the pleading or other material that gives rise to the motion. Fed.R.Civ.P. 11(c)(1)(A). *See Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1327 (2d Cir.1995).

Defendant nonetheless asks the Court to deem as the equivalent of compliance a letter sent by defendant's counsel to plaintiff's counsel on March 28, 1996, in which counsel for defendant "request[s] that [plaintiff] consider withdrawing [the] lawsuit." The Court declines to accept this as meeting the requirements of Rule 11(c)(1)(A) for two reasons. First, the letter is devoid of any indication that defendant intended to seek Rule 11 sanctions; thus it did not afford sufficient notice to invoke the Rule's sanctions. *See Sears Roebuck and Co. v. Sears Realty Co.,* 932 F.Supp. 392, 408 (N.D.N.Y.1996). Second, the plain language of the Rule expressly requires the serving of a formal motion, and with good reason, for by serving such a motion a movant itself certifies to its own compliance with Rule 11 in bringing such a motion and thus places its adversary on notice that the matter may not be viewed as simply part of the paper skirmishing among adversaries that too often characterizes litigation in this uncivil age.[1]

1. *A fortiori,* defendant's post-judgment letters to   plaintiff dated August 23, 1996 and September 9,

Accordingly, defendant's motion for sanctions pursuant to Rule 11 is hereby denied.

SO ORDERED.

1996 can likewise in no way be deemed the equivalent of compliance with the "safe harbor" provisions.