DIAMONDS.NET LLC, et al., Plaintiffs,

v.

IDEX ONLINE, LTD., et al., Defendants.

No. 1:04–cv–06626–RJH.

United States District Court,
S.D. New York.

Dec. 22, 2008.

Lawrence C. Hersh, Attorney at Law, Rutherford, NJ, Michael A. Charish, Wachtell, Lipton, Rosen & Katz, New York, NY, for Plaintiffs.

Robert C. Kain, Jr., Fleit, Kain, Gibbons, Gutman, Bongini & Bianco P.L., Fort Lauderdale, FL, Stephen Wagner, Cohen Tauber Spievack & Wagner, L.L.P., Esther S. Trakinski, Attorney at Law, New York, NY, for Defendants.

## MEMORANDUM ORDER

RICHARD J. HOLWELL, District Judge:

Defendants Idex Online, Ltd., Idex Online Israel, Ltd., and Idex Online S.A. (collectively "Idex") move for sanctions against plaintiffs Diamonds.net LLC, Internet Diamond Exchange, LLC, Martin Rapaport, and Rapaport USA (collectively "Rapaport"). The motion originates in Rapaport's filing and later withdrawal of a claim for patent infringement, which is allegedly frivolous. Because Idex has not complied with the procedural requirements of Federal Rule of Civil Procedure 11, its motion must be denied.

As described in an accompanying opinion, the parties to this litigation operate rival websites for buying and selling diamonds. (*See* Mem. Op. & Order, *Diamonds.net LLC et al. v. Idex Online Ltd. et al.*, No. 04 Civ. 6626(RJH), 2008 WL 5328219, at *1 (S.D.N.Y. Dec. 18, 2008).) One aspect of the litigation involves U.S. Patent No. 5,950,178 (the "Borgato" patent), which is directed at a "data processing system and method for facilitating transactions in precious stones such as diamonds."

On August 29 and August 30, 2005, Idex sent letters to Rapaport warning it not to sue Idex for infringement of the Borgato patent. (*See* Ex. A to Defs.' Resp. to Pls.' Mot. to Dismiss Tenth Claim for Patent Infringement and Defs.' Cross–Mot. for Rule 11 Sanctions (Oct. 17, 2007) ("Defs.' Mem.").) Both letters stated:

> This letter constitutes notice under Fed. R.Civ.P. 11 that there is no good faith basis for your patent infringement Count [Ten] and that all Defendants in the captioned action request and demand that Plaintiffs drop and dismiss the patent infringement count within the time frame specified in Rule 11. Otherwise, Defendants will file a Rule 11 motion and re-

serve their right to seek attorneys fees and costs for defense [of] this action. (*Id.*) Undeterred, Rapaport on September 15, 2005 filed a proposed "Fifth Amended and Supplemented Complaint." It alleged that Idex was infringing the Borgato patent by "listing, selling, offering for sale, and facilitating the sale of diamonds." (*See* Fifth Amended Compl. ¶¶ 132–42.) On September 29, 2006, the Court allowed the amendment to the complaint.

After discovery, Rapaport stipulated to the dismissal of its infringement claim, and on December 19, 2007, the Court entered an order dismissing the claim. Before that order was entered, Idex filed a motion arguing that the claim should be dismissed with prejudice (Rapaport originally argued that dismissal without prejudice was enough) and requesting sanctions.

In the sanctions motion, Idex contends that Rapaport failed to conduct an adequate pre-filing investigation of whether Idex's website infringed the Borgato patent, as required by Federal Circuit caselaw. (*See* Defs.' Mem. 7–12.) Specifically, Idex contends that (1) the discovery record contains no evidence that Rapaport analyzed whether Idex's website practices the claims of the Borgato patent (*see id.* at 10–12), and (2) there is no basis on which a registered U.S. patent attorney could conclude that Idex's website infringes the Borgato patent (*see id.* at 13–16). Rapaport responded to the motion by filing a declaration in which its patent counsel, Lawrence Hersh, describes how he came to believe that Idex's website infringes the Borgato patent. (*See* Decl. of Lawrence Hersh (Nov. 7, 2007).) Idex says that Hersh's declaration "is so lacking in objective information that it proves up an inadequate pre-filing investigation." (Defs.' Reply in Supp. of Defs.' Cross–Mot. for Rule 11 Sanctions, at 20 (Dec. 3, 2007).)

▮ The parties' back-and-forth is inconclusive; but it is beside the point, since Idex did not comply with Rule 11's procedural requirements. The Rule requires that (1) a motion for sanctions "be made *separately* from any other motion," and (2) the *motion*

be served on the opposing party twenty-one days before it is filed with the Court. Fed. R.Civ.P. 11(c)(2) (emphases added).[1] "[I]f the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets," the motion for sanctions "must not be filed or be presented to the court." *Id.*

These requirements underscore "the seriousness of a motion for sanctions" and serve to "define precisely the conduct claimed to violate the rule." Fed.R.Civ.P. 11 Advisory Committee Notes, 1993 Amendment, 28 U.S.C.A. Rule 11, at 14 (2008). Failure to observe them is fatal to a party-initiated motion for sanctions. *E.g., Roth v. Green,* 466 F.3d 1179, 1191–93 (10th Cir.2006); *Gordon v. Unifund CCR Partners,* 345 F.3d 1028, 1030 (8th Cir.2003); *Martens v. Thomann,* 273 F.3d 159, 178–79 (2d Cir.2001); *Ridder v. City of Springfield,* 109 F.3d 288, 297 (6th Cir.1997); *Johnson v. Waddell & Reed, Inc.,* 74 F.3d 147, 150–51 (7th Cir. 1996); *Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1328 (2d Cir.1995); *Gal v. Viacom Int'l, Inc.,* 403 F.Supp.2d 294, 309 (S.D.N.Y. 2005) (Haight, J.).

Neither requirement was observed here. Idex presented its motion for sanctions in a document that also contained a filing labeled "Response to Plaintiffs' Motion to Dismiss its Tenth Claim for Patent Infringement." And Idex's only attempt to serve the "motion" on Rapaport came in its August 2005 letters. This is not enough. As one Judge of this Court observed: "the plain language of the Rule expressly requires the serving of a formal motion, and with good reason, for by serving such a motion a movant itself certifies to its own compliance with Rule 11 in bringing such a motion and thus places its adversary on notice that the matter may not be viewed as simply part of the paper skirmishing among adversaries that too often characterizes litigation in this uncivil age." *Lancaster v. Zufle,* 170 F.R.D. 7, 7 (S.D.N.Y. 1996) (Rakoff, J.).

Idex does not suggest that it filed its sanctions motion "separately." But it claims, cit-

---

**1.** In the 2007 restyling of Rule 11, former Rule 11(c)(1)(A) became Rule 11(c)(2).

ing *Jeffreys v. Rossi*, 275 F.Supp.2d 463 (S.D.N.Y.2003) (Schiendlin, J.), and *Nisenbaum v. Milwaukee County*, 333 F.3d 804 (7th Cir.2003), that its letters satisfied Rule 11(c)(2)'s safe harbor provision. In *Jeffreys*, the court said in a footnote that "a detailed letter outlining [an] anticipated motion" satisfied the Rule. *Id.* at 480 n. 27. But the statement is dictum (the court went on to hold that sanctions were not warranted), and therefore unpersuasive. *See generally* Pierre N. Leval, *Judging Under the Constitution: Dicta About Dicta,* 81 N.Y.U.L.Rev. 1249, 1263 (2006) ("When a rule is uttered in dictum, the court pays no price; the statement comes free, as it has no consequence for the case."). By contrast, Judge Easterbrook's opinion in *Nisenbaum* holds that a demand letter satisfies Rule 11. But the decision "contains no analysis of the language of [Rule 11(c)(2) ] or the Advisory Committee Notes, cites to no authority for its holding, and indeed is the only published circuit decision reaching such a conclusion." *Roth,* 466 F.3d at 1193; *see also In re Pratt,* 524 F.3d 580, 588 (5th Cir.2008) (same). The Court therefore sees no reason not to apply Rule 11 as it is written.[2]

 Even if Idex had complied with Rule 11's procedural requirements, its motion comes too late. "Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely." Fed.R.Civ.P. 11 Advisory Committee Notes, 1993 Amendment, 28 U.S.C.A. Rule 11, at 13. *See also In re Pennie & Edmonds LLP,* 323 F.3d 86, 89 (2d Cir.2003) ("Although Rule 11 contains no explicit time limit for serving the motion, the 'safe harbor' provision functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission."). When Idex filed its motion, more than two years had passed since Rapaport filed its infringement claim, and it was foregone that the claim would be withdrawn.

Awarding sanctions in these circumstances would defeat the goal, apparent from the text of Rule 11(c)(2), of streamlining litigation by allowing the party in the wrong the first opportunity to withdraw an offending paper.

\* \* \*

Though sanctions will not be imposed, the parties are cautioned not to interpret this Order as a license to unreasonably and vexatiously multiply further proceedings. On the contrary, the Court expects that with the current batch of procedural motions resolved, this case will move expeditiously toward judgment. Counsel for all parties are specifically reminded of their legal and ethical duties to work toward that end. *See* 28 U.S.C. § 1927; N.Y. Lawyer's Code of Prof'l Resp. Ethical Consideration 7–37.

Idex's cross-motion for sanctions [71] is denied.

---

**2.** One might well say: "If the rules are good, enforce them; if the rules are bad; change them; there's little point in having good rules but winking at noncompliance." How Appealing, 20

Questions for Circuit Judge Frank H. Easterbrook, http://howappealing.law.com/20q/2004_08_01_20q-appellateblog_archive.html (last visited Dec. 8, 2008).